William J. Crangle, J.
The respondent hoard of assessors moves for an order striking from the petition for a review of the tax assessment of petitioner’s real property in the Town of Rotterdam, Schenectady County, a paragraph alleging that petitioner filed a timely statement of its complaint with the Board of Assessors.
It appears that the assessment board of review met on June 16, 1964 between the hours of 10:00 a.m. and 2:00 p.m. pursuant to a properly published notice. At 3:30 p.m. of the same day after the assessors had adjourned petitioner delivered to the clerk of the board an application for review of its real property assessment for the year 1965. The clerk was then advised that the application was being submitted pursuant to subdivision 2 of section 508 of the Real Property Tax Law. On the following day the application was returned to petitioner and no time for a hearing to review the assessment was ever fixed by the board as required by subdivision 2 of section 508 of the Real Property Tax Law.
There can be no doubt that this court’s jurisdiction to review the assessment depends upon a showing that a complaint was made in due time to the proper officers to correct the assessment. (Real Property Tax Law, § 706; Matter of City of Albany v. Assessors of Town of Coeymans, 253 App. Div. 436; Matter of Vanadium Corp. of America v. Board of Assessors of Town of Niagara, 50 Misc 2d 570.)
Subdivision 2 of section 508 of the Real Property Tax Law states ‘ ‘ Upon application made on or before the third Tuesday of June by a person who is a nonresident of a city or town or by a corporation owning real property in more than one city or town in the county, the assessors or the board of review shall fix a time subsequent to the third Tuesday in June, but not later than the fifteenth day of July, for a hearing to review the assessment of the real property of such person or corporation in their city or town. ’ ’
Petitioner’s application for review was made on June 16 which was the third Tuesday in June, 1964, the last day fixed by the statute for making the application. It was delivered during normal business hours to a proper official. The applica *1009 tion shows on its face- that the petitioner is a corporation with an address in the City of Schenectady in Schenectady County. It specifically makes application to the board of assessors for review and reduction of the assessment.
In fact, petitioner was a corporation owning real property in more than one city or town in the county. Though this fact is not alleged in the application, there is nothing in the controlling section which suggests that it should be. The statute makes no requirements as to the form or content of the application. This petitioner, using forms supplied by respondent, has made a proper application under subdivision 2 of section 508 of the Real Property Tax Law.
Its failure to comply with the requirements of subdivision 1 of section 512 of the Real Property Tax Law has no bearing upon the present motion. That section, applying to residents of the town, requires that a statement under oath be filed with the assessors prior to or at the time and place and during the hours specified in the notice given by the board. It contemplates that the great proportion of complaints will be submitted under this section. For the relatively fewer complaints to be submitted by nonresidents and corporations, such as petitioner, owning property elsewhere in the county, subdivision 2 of section 508 of the Real Property Tax Law has relaxed the formal requirements of the statement and provided for a special hearing. I believe that the respondent was fully apprised of petitioner’s desire for a hearing to review its 1965 assessment and that a time for a hearing should have been fixed in accordance with the statute.
Since a complaint was made in due time to the proper officer to correct the assessment, the motion is denied.