OPINION OF THE COURT
Jones, J.
The enactment by the City of New York of Local Law No. 45 of 1976—by the terms of which the period of time required to elapse before in rem tax foreclosure proceedings *256 may be instituted was reduced from three years to one year— was not violative of any provision of our State Constitution.
In 1939 the State Legislature enacted the so-called Stagg Act, the State’s first in rem tax foreclosure procedure legislation (L 1939, ch 692). In effect the act, adding a new title 7-a to the Tax Law, created a detailed, optional in rem foreclosure procedure of which any tax district could elect to avail itself by appropriate resolution (§ 162). The City of New York never chose to adopt the provisions of the Stagg Act. Nor did it make any such election after the State’s in rem foreclosure procedure was subsequently amended in 1948 (L 1948, ch 250).
Rather, in 1948 in response to a home rule message the Legislature enacted a special act adding a new title D to chapter 17 of the city’s Administrative Code, thereby establishing a particularized in rem tax foreclosure procedure applicable only to New York City (L 1948, ch 411). The possibility of the Legislature’s enactment of foreclosure procedures for individual tax districts by means of such special laws was implicitly foreshadowed in the provisions of the Stagg Act (L 1939, ch 692, § 162, subds 1, 3). As might be anticipated the provisions of the city’s title D were similar although not precisely parallel to those of the State foreclosure procedure.
At the request of the city in 1970 the Legislature amended the provisions of title D, inter alia, by reducing the time period required before institution of in rem foreclosure proceedings from four to three years except with respect to abandoned properties, as to which the time period was one year, and with respect to one- and two-family homes, as to which the time period was four years (L 1970, ch 746, § 3).
In 1975, at the instance of the city, the Legislature again amended title D to fix the mandatory waiting period before institution of foreclosure proceedings at three years for all properties, deleting the separate provisions with respect to abandoned property and one- and two-family dwellings (L 1975, ch 823, § 1).
In 1976 when it was desired to make a further change in the waiting period to precede the institution of tax foreclosure proceedings, instead of seeking amendment of title D at the hands of the Legislature, the city chose to accomplish the desired amendment by its own adoption of Local Law No. 45 of 1976. It is this local law enactment reducing the waiting *257 period to one year that is the target of petitioners’ constitutional challenge in the present declaratory judgment action.
Special Term granted the city’s motion for summary judgment and upheld the constitutionality of Local Law No. 45. Petitioners thereupon properly appealed directly to our court under CPLR 5601 (subd [b], par 2) on the premise that for the purposes of that section a local law is to be considered "a statutory provision of the state”. (F. T. B. Realty Corp. v Goodman, 300 NY 140, 144-145; Cohen and Karger, Powers of the New York Court of Appeals [rev ed], § 58, pp 265-266.) We now express our agreement with the conclusion reached at Special Term.
All taxing power in the State of New York is vested in the Legislature pursuant to section 1 of article III and section 1 of article XVI of our State Constitution. The Legislature could, however, delegate authority to assess and collect taxes to a city, and petitioners do not challenge the addition of title D to the city’s Administrative Code by the Legislature’s special act in 1948.
Pursuant to article IX of the Constitution, the new article on local governments added by amendment approved by the electorate in 1963, every local government was granted "power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law * * * except to the extent that the legislature shall restrict the adoption of such a local law [relating to] [t]he levy, collection and administration of local taxes authorized by the legislature * * * consistent with laws enacted by the legislature.” (Art IX, § 2, subd [c], par [8].) Thereafter the Legislature in 1964 adopted the Municipal Home Rule Law (L 1963, ch 843). The provisions of this statute authorizing local legislation very largely track the constitutional terminology, except that the requirement that local laws relating to the levy and administration of local taxes authorized by the Legislature be consistent with laws enacted by the Legislature is imposed only on counties, towns and villages, not on cities (Municipal Home Rule Law, § 10, subd [1], par [ii], cl [a], subcl [8]).
The core of petitioners’ challenge to the constitutionality of Local Law No. 45 is that the successor of the Stagg Act-title 3 of article 11 of the Real Property Tax Law (L 1958, ch 959)—is a "general law” within the meaning of the parallel provisions of the Constitution and the Municipal Home Rule Law, and that the local law is inconsistent with such general *258 law. There is no substance to this contention. Even if it be assumed for present purposes that the Stagg Act and present title 3 of article 11 of the Real Property Tax Law are "general laws” within the contemplation of the Constitution and the Municipal Home Rule Law,* Local Law No. 45 is not inconsistent with title 3; on the contrary, the enactment of a special, localized in rem tax foreclosure procedure, whether its detailed provisions deviate from those of the State statute in little or greater degree, is entirely consistent with the design and pattern of the statute establising the State-wide foreclosure procedure. By express provision the State procedure is optional, rather than mandatory, i.e., local tax districts may elect to take advantage of its provisions but are not required to do so. Nothing in the statute forecloses the establishment of local in rem foreclosure procedures by the adoption of special acts. This was precisely the approach followed by the Legislature and the city in the enactment of chapter 411 of the Laws of 1948. Hence, rather than presenting an instance of inconsistency with the pertinent State statute, the in rem foreclosure procedure of the City of New York as amended by Local Law No. 45 is illustrative of an anticipated and planned consistency. Petitioners appear to have been diverted by the false assumption that lack of uniformity (i.e., the failure of the procedural details of the city’s title D precisely to parallel those of the optional State statute) is the same as inconsistency or contradiction. It is not.
Finally we note that, for the reasons stated by Mr. Justice Edward J. Greenfield at Special Term, Local Law No. 45 of 1976 as amended by Local Law No. 6 of 1977 does not deny petitioners their constitutional right to equal protection of the laws.
For the reasons stated the judgment of Supreme Court, New York County, to the extent of the appeal taken therefrom, should be affirmed, with costs.
*259 Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Judgment affirmed.

 Although we are prepared to accept such an hypothesis for purposes of the disposition of the present appeal, we observe that the assumption is one of very questionable validity. It can be strongly argued that no law which is not mandatory State-wide but rather establishes only a local tax district option can be considered a "general law” at least with respect to a local tax district which has not elected to avail itself of the option offered.