Hon. Ralph I. Greenhouse County Attorney, Onondaga County
This is in response to the letter of John R. Voninski, Deputy County Attorney, received April 7, 1978, wherein he asks for an opinion of the Attorney General as to the validity of a local law enacted pursuant to section 10(1)(a)(5) of the Municipal Home Rule Law and section 50-e (4) of the General Municipal Law, which would require prior written notice of any defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or the existence of snow or ice thereon, as a condition precedent for liability of the County for such. He also asks that in making our determination we consider Zumbo vTown of Farmington, 60 A.D.2d 350 (4th Dept, 1978).
In an informal opinion of the Attorney General dated April 7, 1978, addressed to Hon. Peter G. Striphas, County Attorney, County of Orange, we concluded that the County of Orange is authorized to enact a local law requiring the giving of prior notice of defects before an action could be maintained against the County for damages or injuries sustained by reason of any highway, bridge or culvert being defective or out of repair.
We premised our conclusion on New York State Constitution, Article IX, § 2 (c) (5) and (6), which provides in part:
 "(c) In addition to powers granted in the statute of local governments or any other law * * * (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government:
* * *
 "(5) The presentation, ascertainment and discharge of claims against it.
 "(6) The acquisition, care, management and use of its highways, roads, streets, avenues and property."
We noted that Municipal Home Rule Law, § 10(1)(a)(5) and (6) implements the constitutional provisions. We also relied on the authority of Fullerton v City of Schenectady, 285 App. Div. 545 (3d Dept, 1955), affd 309 N.Y. 701, rearg den 309 N.Y. 855, App dsmd 76 S Ct 468.
General Municipal Law, § 50-e, provides in part:
 "1. In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general corporation law, or any officer, appointee or employee thereof, the notice shall comply with the provisions of this section and it shall be given within ninety days after the claim arises.
* * *
 "4. No other or further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim; provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice." (Emphasis supplied.)
Mr. Voninski has requested that in making our determination we considerZumbo v Town of Farmington, 60 A.D.2d 350 (4th Dept, 1978). In order to relate the decision in the Zumbo case to the conclusion to be reached in this opinion, it is necessary to call to your attention certain sections of the Town Law. Town Law, § 65-a (1), provides in part:
 "1. No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the town clerk or town superintendent of highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of * * *." (Emphasis supplied.)
Town Law, § 65-a (2), further proscribes civil actions against towns for damages or injuries to person or property sustained by reason of defects in sidewalks or in consequence of the existence of snow or ice upon any of its sidewalks constructed or maintained by the town unless a prior written notice of such defect or accumulation of snow or ice by properly filed and the conditions were not remedied within a reasonable time.
Town Law, § 67 (1), provides:
 "1. Any claim including a claim specified in section sixty-five-a of this chapter which may be made against the town or town superintendent of highways for damages for wrong or injury to person or property or for the death of a person, shall be made and served in compliance with section fifty-e of the general municipal law." (Emphasis supplied.)
In the Zumbo case, supra, the Court held unconstitutional that part of a local law which required that written notice of defects be given prior to suit relating to a dangerous condition existing not only on the town properties specified in Town Law, § 65-a (1) and (2) and General Municipal Law, § 50-e (4), but would extend the provisions to includeany town property. In that case, the Court stated:
 "[2] A general law is one which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns, or all villages (NY Const, art IX, § 3, subd [d], par [1]). Among the general laws of the State are section 67 of the Town Law and section 50-e of the General Municipal Law. Section 67 of the Town Law, entitled `Presentation of claims for torts; actions against towns', requires under subdivision 1 thereof that `[a]ny claim including a claim specified in section sixty-five-a' of this chapter which may be made against the town * * * for damages * * * shall be made and served in compliance with section fifty-e of the general municipal law.
* * *
 "[4-6] Where the State has acted upon a subject and, in so acting, has evidenced a desire that its general laws should preempt the possibility of varying local laws, a local enactment may be said to be inconsistent with State law because it prohibits that which has been found acceptable under State law (People v Cook, 34 N.Y.2d 100, 109; People v Lewis, 295 N.Y. 42; Matter of Kress Co. v Department of Health, 283 N.Y. 55, 59; Wholesale Laundry Bd. of Trude v City of New York, 17 A.D.2d 327, affd 12 N.Y.2d 998; cf. Sonmax, Inc. v City of New York, 43 N.Y.2d 253; Town of Clifton Park v C.P. Enterprises, 45 A.D.2d 96). Additionally, where a statute creates provisos or exceptions as to certain matters, the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned (McKinney's Cons Laws of NY, Book 1, Statutes, § 240). Furthermore, requirements of prior written notice of unsafe conditions are in derogation of the common law, and as such should not have any extension written into them (see Doremus v Incorporated Vil. of Lynbrook, 18 N.Y.2d 362, 365)." (Emphasis supplied.)
From all of the foregoing, we conclude that the County of Onondaga is authorized to enact a local law requiring the giving of prior notice of defects before an action could be maintained against the County for damages or injuries sustained by reason of defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, and there was a failure or neglect on the part of the County to remedy such defects after receiving such notice.