In the Matter of RAB Co. HIGHLAND HOUSE APARTMENTS et al., Appellants, v TOMPKINS COUNTY BOARD OF ASSESSMENT REVIEW, Respondent.

Third Department, June 14, 1979

### APPEARANCES OF COUNSEL

*Wiggins, Tsapis, Holmberg & Galbraith (Dirk A. Galbraith* of counsel), for appellants.

*Robert I. Williamson, County Attorney (Robert J. Clune* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

Petitioners, nonresident landowners, sought a hearing to review respondent's assessment of their property in Ithaca.

The application was made on May 9, 1978, which was timely under section 508 of the Real Property Tax Law, but too late under Tompkins County local laws (Local Laws, 1970, No. 1 of County of Tompkins). Accordingly, the respondent declined to grant a hearing to review petitioners' assessment. The novel issue presented here on appeal is whether a local governing body, a county in this case, may alter the period in which nonresidents may seek review of their assessments. We think not and hold that subdivision 2 of section 508 of the Real Property Tax Law is a mandatory directive to all local assessing bodies (see 2 Opns of Counsel of St Bd of Equal & Assessment, No. 111, p 171).

All taxing power in this State is vested in the Legislature pursuant to section 1 of article III and section 1 of article XVI of the State Constitution (Sonmax, Inc. v City of New York, 43 NY2d 253, 257). A county may adopt local laws relating to the levy, collection and administration of local taxes as long as these local laws are consistent with State laws (NY Const, art IX, § 2, subd [c], par [8]; Municipal Home Rule Law, § 10, subd 1, par [ii], cl a, subcl [8]; see, also, Matter of Heimbach v Mills, 91 Misc 2d 958, 963). Subdivision 2 of section 508 of the Real Property Tax Law gives nonresidents until the third Tuesday in June to apply to the assessors on the board of review to fix the time for a hearing to review the assessment. Under the county rule, complaints with respect to assessments must be filed before the local Board of Assessment holds its review meeting which, in this case, was held on March 21. It is clear that the local rule contravenes State law and, therefore, cannot stand.

The county's reliance on section 302 of the Real Property Tax Law is not persuasive. That section permits local governments to set their own date for determining the taxable status for property within their boundaries. But section 302 makes no reference to the period in which appeals to assessments must be made and is, therefore, unavailing. Furthermore, since a timely complaint to proper officers to correct an assessment is a precondition to judicial review (Real Property Tax Law, § 706; Matter of Onteora Club v Board of Assessors of Town of Hunter, 17 AD2d 1008, affd 13 NY2d 1170; Matter of City of Albany v Assessors of Town of Coeymans, 253 App Div 436), the county has in effect deprived nonresidents of judicial remedy by limiting the time in which to take an appeal. This the county cannot do where the State Legislature has otherwise spoken (cf. Matter of Duane Realty Corp. v

*Board of Assessors of Town of Rotterdam,* 55 Misc 2d 1007). The notice issue is rendered moot by this decision.

The judgment should be reversed, on the law, with costs; the petition should be granted, and the matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, SWEENEY, MAIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, with costs; petition granted, and matter remitted for further proceedings not inconsistent herewith.