CITY OF WHITE PLAINS, Appellant, v ALFRED DEL BELLO, as County Executive of the County of Westchester, et al., Respondents.

Second Department, July 6, 1982

### APPEARANCES OF COUNSEL

*Charles A. Bradley,* Corporation Counsel (*James W. Glatthaar* and *Joseph W. Henneberry* of counsel), for appellant.

*Samuel S. Yasgur,* County Attorney (*Lester D. Steinman* of counsel), for the County respondents.

*Robert Abrams,* Attorney-General (*David Pollack* and *George D. Zuckerman* of counsel), for the State respondents.

### OPINION OF THE COURT

GIBBONS, J.

On December 28, 1981, the Westchester County Board of Legislators enacted legislation increasing the county sales tax rate from 1% to 1½%. At the time, the sales tax being

imposed by plaintiff City of White Plains was 2%. By constraint of section 1223 of the Tax Law, the aggregate rate of tax imposed by a county and any city within that county (pursuant to section 1210 of the Tax Law) may not exceed an aggregate of 3%. Pursuant to section 1224 of the Tax Law, the county and the city each have the prior right to impose taxes to the extent of one half the maximum aggregate. Subdivision (e) of section 1224 defines "prior right" as a preferential right to pre-empt another municipality from imposing or continuing to impose a tax to the degree it exceeds its 1½% share. As applied at bar, the increase in the county sales tax to 1½% pre-empts the city's sales tax of 2% by ½% and reduces it to 1½%. At issue is the date on which the county act becomes effective against the city.

Section 1223 of the Tax Law provides that a tax imposed by a county upon any transaction, to the extent that it would require a reduction in any tax imposed by a city, shall not become effective in respect to any transaction taxed by such city "before the commencement of the city's next succeeding fiscal year", and then only if the county shall have given notice to the city of its imposition of such tax at least six months prior to the commencement of the fiscal year. The fiscal year of the City of White Plains is from July 1 to June 30. The next fiscal year of the city commences July 1, 1982.

Section 1223 further provides that the local legislative body of the city may waive the requirement of such notice and the postponement of the effective date of the tax, but expressly states that whether or not such notice has been waived, the tax imposed shall still be subject to the requirements provided for in the first three sentences of subdivision (d) of section 1210.

The first sentence of that subdivision requires that a local law, ordinance or resolution increasing the rate of a sales tax "must go into effect only on one of the following dates: March first, June first, September first, or December first."

In pertinent part, the effective date provided for in the county act is "on and after June 1, 1982, except as otherwise provided by law". At bar the county seeks to effectu-

ate the act on June 1, but to hold the city "harmless for the additional ½% sales tax until" commencement of the city's fiscal year on July 1. The city challenges the application of the act to it on either June 1 or July 1, 1982 as proscribed by statute; the former because it is prior to the city's fiscal year and with less than six months' notice in contravention of section 1223, and the latter because it is not one of the dates authorized in section 1210.

The county responds that the June 1 date complies with section 1210 and that the only question is whether the law violates section 1223. While conceding that it may not preempt the city sales tax prior to July 1, the county argues that by holding the city "harmless" for the month of June, the act, as a practical matter, does not take effect until July 1. Hence, the city would not be prejudiced.

Special Term agreed with the county. The court observed that since section 1223 was intended to protect the fiscal integrity of local governments and the county's decision to hold the city harmless for June afforded such protection, there was no violation of section 1223. Further, by providing an effective date of June 1, 1982, the act complied with section 1210. We take a different view with regard to section 1223.

At the outset we note that Special Term's dismissal of plaintiff's complaint was error. Even though defendants cross-moved to dismiss, the proper procedure in an action for a declaratory judgment "is to deny the motion to dismiss the complaint (thereby retaining jurisdiction of the controversy) and then to declare the rights of the parties, whatever they may be" (see *St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ,* 20 NY2d 317, 325). Our analysis of those rights follows.

"A county may [only] adopt local laws relating to the levy, collection and administration of local taxes as long as these local laws are consistent with State laws (NY Const, art IX, § 2, subd [c], par [8]; Municipal Home Rule Law, § 10 * * *)" (*Matter of Rab Co. Highland House Apts. v Tompkins County Bd. of Assessment Review,* 68 AD2d 374, 375). This follows from the fact that "[a]ll taxing power in the State of New York is vested in the Legislature" (*Sonmax, Inc. v City of New York,* 43 NY2d 253, 257). To the

.extent that a county may tax, such authority exists as a delegation from the State (*Sonmax, Inc. v City of New York, supra,* p 257). Therefore the county act at bar must comply with sections 1223 and 1210 of the Tax Law. Failing to do so, enforcement of the Tax Law constitutes an act in excess of jurisdiction. "If taxing officers act without jurisdiction, their acts are illegal and void" (*Dun & Bradstreet v City of New York,* 276 NY 198, 206; *Matter of United States Steel Corp. v Gerosa,* 7 NY2d 454).

For the county act to be consistent with section 1223, a pre-emptive county sales tax may not take effect before the commencement of the city's fiscal year — July 1. To also comply with section 1210, the tax may only take effect on the first date of one of the specified quarters; the next of which is September 1. Thus, to apply the increase in sales tax in June is inconsistent with, and contraindicated by, the Tax Law, notwithstanding the county's intention to hold the city "harmless". "Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation" (McKinney's Cons Laws of NY, Book 1, Statutes, § 76). A fortiori, what the county could not do legislatively it cannot do by administrative fiat — i.e., before the county may hold the city harmless for June, it must have the authority to pre-empt the city's sales tax in June.

On the foregoing analysis, September 1, 1982 is the next available date for applying the county act to the city. The city, however, argues that only the county may provide for a September date and having failed to do so, it may not be provided by the courts. This is without merit.

The plain intent of the county act is that it should take effect as soon following June 1, 1982 as possible. A fair construction of the phrase "except as otherwise provided by law" is that another date be the first quarterly period specified in section 1210 following the commencement of the city's fiscal year.

We have considered the city's remaining contentions and find them to be without merit.

Mangano, J. P., O'Connor and Thompson, JJ., concur.

Order and judgment (one paper) of the Supreme Court, Westchester County, entered April 23, 1982, reversed, on the law, without costs or disbursements, and it is declared that County Act No. 117-1981 is valid, but not applicable to the City of White Plains until September 1, 1982.