OPINION OF THE COURT
George A. Murphy, J.
In this article 78 proceeding the petitioners Richard M. Kessel and Mario V. Colleluori seek a judicial determination annulling chapter 18 of the Laws of 1983 which authorized the County of Nassau to increase its local sales tax from 3 to 4% effective June 1, 1983.
Petitioners argue that the statute is a nullity due to the failure of the respondent board of supervisors to adopt a formal home rule message requesting this taxing authorization from the State Legislature.
Both the State and the county have moved to dismiss the petition.
*450 The State argues that the State Legislature is not a proper party to this litigation and that the court cannot substitute its judgment for that of the executive and legislative branches of government. It is further argued by both the county and the State that the power to tax is a State power vested in the State Legislature that may be delegated to a county without a formal home rule message.
A special proceeding can be commenced against a State body or officer only upon the service of the pleadings on such body or officer (CPLR. 2214, subd [d]; 7804, subd [c]). No such service was effectuated on the State Legislature and the petition against it must be dismissed. The State Legislature also enjoys absolute immunity from liability for actions which are, as here, in the sphere of legitimate legislative activity (Supreme Ct. of Va. v Consumers Union, 446 US 719).
Petitioners erred in commencing an article 78 proceeding seeking a determination concerning the validity of a State statute. The appropriate remedy is an action for a declaratory judgment (see 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.06g; Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400). However, since the court has acquired jurisdiction over the participants with the exception of the State Legislature, the court retains jurisdiction and directs that the proceeding be converted into an action for a declaratory judgment (see Phalen v Theatrical Protective Union No. 1, 22 NY2d 34, cert den 393 US 1000).
There is a presumption that every statute is constitutional and that the Legislature has investigated the subject and acted with reason (Montgomery v Daniels, 38 NY2d 41; Matter of Malpica-Orsini, 36 NY2d 568; I.L.F.Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, app dsmd 369 US 795). This presumption is rebuttable, but unconstitutionality must be demonstrated beyond a reasonable doubt (see Lighthouse Shores v Town of Islip, 41 NY2d 7; Matter of Van Berkel v Power, 16 NY2d 37, 40; I.L.F.Y. Co. v Temporary State Housing Rent Comm., 10 NY2d 263, supra; Wiggins v Town of Somers, 4 NY2d 215, 218-219; Defiance Milk Prods. Co. v Du Mond, 309 NY 537, 541). The petitioners have failed to rebut this presumption.
*451 Under article IX (§ 2, subd [b], par [2]) of the State Constitution a formal home rule request is necessary only where the authorizing statute is a special law affecting less than all counties in the State and relates to the property, affairs and government of such county or counties. It is well established that the State’s exclusive power to tax is not a matter affecting the property, affairs and government of a municipality, but rather a power vested in the State Legislature pursuant to section 1 of article III and section 1 of article XVI of the State Constitution (see Sonmax, Inc. v City of New York, 43 NY2d 253; Mobil Oil Corp. v Town of Huntington, 85 Misc 2d 800). This power includes the power of the State Legislature to determine the class of persons to be taxed (see Genet v City of Brooklyn, 99 NY 296; Gautier v Ditmar, 204 NY 20).
Here the challenged statute involved a State concern about, and clear intention to enact legislation to meet the needs of the County of Nassau. This was done with the due support of the county executive and the members of the county board of supervisors via a timely letter addressed and delivered to the State Legislature. The court cannot, and will not, at this juncture substitute its judgment for the judgment of these branches of government charged with the responsibility to enact the subject legislation (see Matter of Abrams v New York City Tr. Auth., 39 NY2d 990).
The State Legislature here duly exercised its power to authorize Nassau County to assess and collect taxes pursuant to the amendment of the opening paragraph of section 1210 of the Tax Law, as amended by chapter 506 of the Laws of 1976. (See Matter of Roosevelt Raceway v County of Nassau, 18 NY2d 30, mot to amend remittitur den 18 NY2d 720, app dsmd 385 US 453; County Securities v Seacord, 278 NY 34, 37; City of White Plains v Del Bello, 87 AD2d 483.) Section 10 (subd 1, par a, els [8], [9]) of the Municipal Home Rule Law permits a county to levy and collect taxes when specifically authorized by the State Legislature (see 23 Opns St Comp, 1967, Opn No. 67-884, p 788). In this instance, the statute here under attack specifically authorized Nassau County to enact a local law or ordinance increasing its sales tax from 3 to 4%. This *452 delegation of taxing power. is a matter of valid State concern requiring no formal home rule message (cf. Adler v Deegan, 251 NY 467).
Even though the respondents moved to dismiss, the proper procedure in an action for a declaratory judgment “is to deny the motion to dismiss * * * (thereby retaining jurisdiction of the controversy) and then to declare the rights of the parties, whatever they may be” (see St. Lawrence Univ. v Trustees of Theological School of Si. Lawrence Univ., 20 NY2d 317, 325).
Accordingly, the motions to dismiss, except as against the Staté Legislature, are denied and the court finds that chapter 18 of the Laws of 1983 and the subsequent increase of'the sales tax by local law in Nassau County were duly enacted and proper in all respects. It is also the determination of the court that a formal home rule message was not required under the circumstances presented.