David E. Seaman, Esq. Town Attorney, Royalton
I am writing in response to your request for an Attorney General's opinion as to whether a town can pass a local law which provides for garbage collection as a part-town improvement, rather than through a special district, in the area of the town outside villages.
Your letter states that the Town of Royalton includes part of the Village of Middleport. The town proposes to create a refuse and garbage collection area encompassing the town but excluding the Village of Middleport. The Village does and would continue to take care of its own garbage collection. The town is now contemplating entering into a contract after competitive bidding for garbage collection for the entire portion of the town outside the Village of Middleport. You desire to provide for garbage collection as a part-town improvement in the area of the town outside of any villages to enable the use of sales tax revenues to defray the cost of the service.
Under section 1262 of the Tax Law, a town which receives its sales tax revenues in cash may elect to have the funds "paid directly to such town to be used for any town purpose" (Tax Law, § 1262[c]). Towns which encompass villages may use their share "to reduce taxes levied for part-town activities, and any balance remaining shall be paid directly to the town, to be used only for part-town activities" (ibid.).
Part-town activities are defined in the Tax Law as follows:
 "Part-town activities. Activities of town government, including highway programs, which are chargeable to the area of the town outside of villages, exclusive of special district purposes" (Tax Law, § 1262(f)(4); emphasis supplied).
This section makes it clear that a town cannot use sales tax revenues for special district purposes, including garbage and refuse collection (Town Law, § 190).
By way of background, a special district, also known as an improvement district, is a legal entity, separate and apart from the town or towns to whose citizens it renders the improvement. The district may encompass entire towns and villages, or only parts thereof. The purposes for which a special district may be established are set forth in section 190
of the Town Law, and include "sewer, drainage, water, water quality treatment, park, public parking, lighting, snow removal, water supply, sidewalk, a fallout shelter district or refuse and garbage district, aquatic plan control district . . ." (Town Law, § 190). The district includes property benefitted by the improvement. The costs of providing the particular improvement are assessed against the residents of the district (id., § 202). Part-town activities are services provided by the town itself, and paid for out of town funds. They are provided to all persons residing within the town, but outside of any villages within the town.
In certain situations, a town may directly provide improvement services which would otherwise be provided by special districts. Towns which have been designated suburban towns under article 3-A of the Town Law can provide improvement services on a part-town basis (Town Law, § 54). In addition, sewer and water services can be rendered on a part-town basis under article 12-C of the Town Law (id., §§ 209-q, 209-r). Neither of these provisions, however, would appear to authorize garbage collection on a part-town basis, inasmuch as Royalton is not a suburban town, and the provisions for sewer and water services do not encompass garbage collection.
There being no authority under State law for garbage collection by your town on a part-town basis, the question remains whether the town may provide the service pursuant to local law.
The Town Law provides for the establishment of improvement districts to provide for garbage collection. Exceptions to the general rule that only improvement districts can deliver these services on a part-town basis have been made only for suburban towns, and for water and sewer services. The Town Law otherwise limits garbage collection on a part-town basis only to improvement districts. Towns are authorized to adopt local laws affecting their property, affairs and government as long as those laws are consistent with general State laws (Municipal Home Rule Law, § 10[1][ii][a][12]). General laws are defined as those State statutes which in terms and effect apply alike to all municipalities throughout the State (id., § 2[5]). Thus, any local law which would authorize provision of garbage collection services on a part-town basis, therefore, would be inconsistent with State law. Although towns have been given authority to supersede the Town Law by local law, this power specifically excludes authority to overrule those provisions of the Town Law relating to special districts (Municipal Home Rule Law, §§ 10[1][ii][d][3],*
11[1][g]; 1934 Op Atty Gen 405).
Finally, we note that all taxing power in the State of New York is vested in the Legislature pursuant to section 1 of Article III and section 1 of Article XVI of the State Constitution (see Sonmax, Inc. v. City of NewYork, 43 N.Y.2d 253, 257 [1977]). As such, taxation is a matter of State concern, and any local laws dealing with revenue raising must be consistent with, or pursuant to, a delegation of the taxing power by the Legislature.
Because our conclusion with regard to your first question is that a town does not have authority to use sales tax monies to provide garbage collection on a part-town basis, the remainder of your questions are academic.
We conclude that a town has no authority to enact a local law which provides for garbage collection as a part-town improvement, rather than through a special district, in those parts of the town outside villages.
* Municipal Home Rule Law, § 10(1)(ii)(d)(3) provides:
 "Unless authorized by other state statute this subparagraph shall not be deemed to authorize supersession of a state statute relating to (1) a special or improvement district or an improvement area . . ."