*780 OPINION OF THE COURT
Walter J. Relihan, Jr., J.
Petitioners in four tax certiorari cases had filed grievances with the County Assessor before the fourth Tuesday in May (May 25, 1993). This date is fixed by Real Property Tax Law § 512 (1) (as amended in 1991) and (1-a) (as amended in 1993) as the earliest date for meetings of boards of assessment review to consider taxpayer grievances.
Petitioners were told that their grievances had not been filed in timely fashion because, under the County Charter, an earlier date (the third Tuesday) had been fixed for such meetings. The petitioners had filed grievances after the third Tuesday but before the fourth Tuesday. Hence, the filings were timely under the RPTL but untimely in terms of the County Charter.
The County contends that the earlier date is permitted by RPTL 2006, enacted in 1958, which states that "[t]his chapter shall not be deemed to repeal or otherwise affect the provisions of any special or local law or ordinance or of any county * * * charter * * * it being the intention of the legislature that the same shall continue in full force and effect until and unless otherwise duly amended, repealed or affected” (emphasis supplied).
This language appears to grandfather inconsistent local dates adopted before the 1958 enactment of section 2006 until such subsequent time, if ever, as general State law amends, changes or repeals such local laws; see the State Board of Equalization and Assessment opinion that only "preexisting” local laws are preserved (9 Opns Counsel SBEA No. 53).
Whether or not section 2006 applies solely to prior local laws, RPTL 524 (1), as amended by Laws of 1992 (ch 609, eff Jan. 2, 1993), resolves the issue in favor of the taxpayers. Newly amended section 524 (1) states: "Any complaint filed on or before the fourth Tuesday in May or on or before such later date established by local law for the meeting of the board of assessment review shall be deemed timely” (emphasis supplied). While the new section permits a locality to fix a later date, there is no longer any room to conclude that local law may fix a date earlier than the fourth Tuesday.
The SBEA submitted a legislative memorandum to the Governor in support of the legislation which became chapter 609 of the Laws of 1992 (Mem of SBEA, 1992 McKinney’s Session Laws of NY, at 2647). The SBEA memorandum de *781 scribes section 512 (1) as fixing grievance days between the "third” Tuesday in May and the second Tuesday in June and describes section 524 (1) as providing that "any complaint filed on or before the third Tuesday in May or other date set by local law for the first meeting of the board * * * shall be deemed timely” (Mem of SBEA, op. cit., at 2648).
In fact, section 8 of the bill, as passed by the Legislature and presented to the Governor, refers only to the "fourth” Tuesday in May or any "later” local date. Section 8 adds the present RPTL 524 (1). The bill, of course, may have been amended after the SBEA legislative memorandum was prepared and before the legislation was submitted to the Governor in final form. In any event, the memorandum is inaccurate and irrelevant to section 524 (1), as signed into law.
New section 524 (1) is inconsistent with and nullifies the Tompkins County Charter provision. Quite apart from the implicit principle that the Legislature may enact general laws for the entire State, section 2006 explicitly contemplates that subsequent State laws may "affect” inconsistent locally enacted dates for meetings of boards of assessment review.
The County also relies upon Matter of Stevens Med. Arts Bldg. v City of Mount Vernon (72 AD2d 177). That case, however, must be distinguished on its facts. There, the statute was patently ambiguous. One of the permissible grievance dates was defined in terms which could have included those fixed by local law. Given that ambiguity, the court observed that a nullification of preexisting local dates should have been accomplished by a clear statement of legislative purpose. Here, the Legislature has spoken clearly in section 524 (1).
Two other cases cited by the County, Matter of McCann v Scaduto (71 NY2d 164) and Weigner v City of New York (852 F2d 646), involved subsidiary matters of form and procedure which were not inconsistent with general State law. Indeed, to the extent that McCann is relevant, it admonishes that due process of law requires that actual notice be given where property interests will be substantially affected by government. Here, obviously, the petitioners were not given accurate notice of the grievance date fixed by law.
We conclude that the petitioners, having filed grievances before the fourth Tuesday in May 1993, as prescribed by State *782 law, are entitled to a hearing on their complaints and that any contrary determinations, based upon inconsistent provisions of the County Charter, are without lawful force and effect (Matter of Rab Co. v Tompkins County Bd. of Assessment, 68 AD2d 374).