OPINION OF THE COURT
Lott, J.
In 1948, the New York State Legislature amended the Nassau County Charter (hereinafter the Charter) and the Nassau County Administrative Code (hereinafter the NCAC) so as to make the County, rather than its component towns, cities, school *115 districts, and special districts, liable for all real property tax refunds due to erroneous real property tax assessments. These state-law amendments are popularly known as the “County Guaranty.” In 2010, the County Legislature adopted Local Law No. 18-2010 of the County of Nassau (hereinafter Local Law No. 18), which purported to repeal the County Guaranty. Because Local Law No. 18 conflicts with the very state laws that created the County Guaranty, we hold that Local Law No. 18 violates the provisions of the New York Constitution and the Municipal Home Rule Law that limit the County’s power to enact laws relating to taxation that are inconsistent with state law.
Factual and Procedural Background
Pursuant to the Charter, the County, rather than its component towns, cities, school districts, and special districts, has the authority to conduct all real property tax assessments in the County (see Matter of Bowery Sav. Bank v Board of Assessors of County of Nassau, 80 NY2d 961, 964 [1992]). However, when the Charter was adopted in 1936, no provision was made to suspend application of the general state law providing that towns and other municipal entities—which are responsible for real property tax assessments in most areas of the state—are responsible for the payment of refunds resulting from erroneous real property assessments (see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau, 10 NY3d 445, 452-453 [2008]; New York Tel. Co. v Supervisor of Town of N. Hempstead, 77 AD3d 121, 125 [2010]).
In 1948, at the request of the County, the New York State Legislature adopted the County Guaranty (see New York Tel. Co. v Supervisor of Town of N. Hempstead, 77 AD3d at 125-129), which provided that, since the County was the assessing unit, the County would be liable for all real property tax refunds arising from erroneous real property assessments, but would also have the corresponding benefit of collecting revenue from any tax liens, foreclosure sales, penalties, or delinquent payments (see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau, 10 NY3d at 452-454; Matter of Bowery Sav. Bank v Board of Assessors of County of Nassau, 80 NY2d at 964-965; New York Tel. Co. v Supervisor of Town of N. Hempstead, 77 AD3d at 125-126). The County Guaranty was codified at NCAC §§ 6 24.0, 6 25.0 and 6 26.0 (see Matter of Steel Los III/Goya Foods, Inc. v Board of Assessors of County of Nassau, 10 NY3d at 452-455; New York Tel. Co. v Supervisor of Town of N. Hempstead, 77 AD3d at 125-126).
*116 In 2010, the Nassau County Legislature adopted Local Law No. 18, which purported to supersede the County Guaranty and repeal the related provisions of the NCAC. Pursuant to Local Law No. 18, the County would continue to act as the assessing authority, but the towns, cities, school districts, and special districts to which tax revenues were disbursed would be liable for the payment of tax refunds awarded in tax certiorari proceedings commenced pursuant to the Real Property Tax Law. However, the County would continue to collect the revenue from tax liens, foreclosure sales, penalties, and delinquent payments.
Baldwin Union Free School District, 40 other school districts located within the County, one school-district superintendent, and the president of a board of education of a school district located within the County (hereinafter collectively the school districts) and the Town of North Hempstead and 19 of its special districts (hereinafter collectively the Town plaintiffs) commenced related hybrid proceedings pursuant to CPLR article 78 to review the Nassau County Legislature’s adoption of Local Law No. 18, and actions for a judgment declaring that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law (hereinafter matter No. 1 and matter No. 3, respectively). In addition, taxpayers Barbara Hafner and Linda Wiener (hereinafter together the Hafner plaintiffs) commenced an action (hereinafter matter No. 2) seeking a judgment declaring that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law, which limit the County’s power to enact laws relating to taxation that are inconsistent with state law. The matters were joined for discovery, trial, and disposition.
The County answered the complaints/petitions in matter Nos. 1 and 3. The County, the Nassau County Legislature, and Edward E Mangano, in his capacity as County Executive of the County of Nassau (hereinafter together the County defendants), moved to dismiss the complaint in matter No. 2 pursuant to CPLR 3211, and the Hafner plaintiffs cross-moved, inter alia, for summary judgment declaring that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law.
In an order and judgment entered January 6, 2012, the Supreme Court concluded that the County had the authority to adopt Local Law No. 18 (2012 NY Slip Op 30079[U] [2012]). Accordingly, the court, in effect, denied that branch of the Hafner plaintiffs’ cross motion in matter No. 2 which was for summary *117 judgment declaring that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law, and upon searching the record, awarded summary judgment to the County defendants, and declared that Local Law No. 18 does not violate either the New York Constitution or the Municipal Home Rule Law. The Supreme Court also, in effect, denied the petitions and dismissed the proceedings in matter Nos. 1 and 3. The school districts, the Town plaintiffs, and the Hafner plaintiffs separately appeal from the order and judgment. Because we conclude that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law, we reverse the order and judgment insofar as appealed from.
Analysis
Although New York Constitution article EX and the Municipal Home Rule Law specify that the powers delegated to local governments shall be liberally construed (see NY Const, art IX, § 3 [c]; Municipal Home Rule Law §§ 35 [3]; 51), “the lawmaking authority of a municipal corporation, which is a political subdivision of the State, can be exercised only to the extent it has been delegated by the State” (Albany Area Bldrs. Assn, v Town of Guilderland, 74 NY2d 372, 376 [1989]).
“The authority of a municipality to abrogate State law is never implied or inferred. It is only derived from express grant, never from a general grant of power. A State policy may not be ignored by a municipality unless it is specifically empowered so to do in terms clear and explicit” (People v County of Westchester, 282 NY 224, 232 [1940] [internal quotation marks omitted]).
Article EX of the New York Constitution provides in relevant part:
“In addition to powers granted in the statute of local governments or any other law, (i) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to its property, affairs or government and, (ii) every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local govern *118 ment, except to the extent that the legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government: ... (8) The levy, collection and administration of local taxes authorized by the legislature and of assessments for local improvements, consistent with laws enacted by the legislature” (NY Const, art IX, § 2 [c] [emphasis added]; see also Municipal Home Rule Law § 10 [1]).
A “general law” is defined by the Constitution as a “law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages” (NY Const, art IX, § 3 [d] [1]; see Municipal Home Rule Law § 2 [5]), while a “special law” is defined as a “law which in terms and in effect applies to one or more, but not all, counties, counties other than those wholly included within a city, cities, towns or villages” (NY Const, art IX, § 3 [d] [4]; see Municipal Home Rule Law § 2 [12]).
The text of article IX, § 2 (c) (ii) (8) of the New York Constitution, and in particular the portion emphasized above, makes clear that although local governments generally have the authority pursuant to that provision to enact and amend certain local laws that are consistent with general laws but inconsistent with special laws (see Matter of Gizzo v Town of Mamaroneck, 36 AD3d 162, 165 [2006]), a “county may [only] adopt local laws relating to the levy collection and administration of local taxes as long as these local laws are consistent with State laws,” irrespective of whether the state laws are general laws or special laws (City of White Plains v Del Bello, 87 AD2d 483, 486 [1982]; see Municipal Home Rule Law § 10 [1] [ii] [a] [8]). “This follows from the fact that ‘[all] taxing power in the State of New York is vested in the Legislature.’ To the extent that a county may tax, such authority exists as a delegation from the State” (City of White Plains v Del Bello, 87 AD2d at 486 [citation omitted], quoting Sonmax, Inc. v City of New York, 43 NY2d 253, 257 [1977]). Here, it is indisputable that Local Law No. 18, which purports to supersede and repeal the County Guaranty, is inconsistent with the state law that enacted the County Guaranty Moreover, Local Law No. 18 is in conflict with Municipal Home Rule Law § 34 (3) (a), a general law that provides that, except in accordance with provisions of law enacted by the New York State Legislature, a county charter or charter law shall not supersede “any general or special law enacted by the legislature [w]hich relates to the imposition, judicial review or distribution *119 of the proceeds of taxes or benefit assessments” (Municipal Home Rule Law § 34 [3] [a]; see Matter of Heimbach v Mills, 67 AD2d 731, 732 [1979]).
The County contends that it had the power to adopt Local Law No. 18 pursuant to its state-enacted Charter, which power preceded the enactment of the relevant constitutional and Municipal Home Rule Law provisions in 1963, and which power is protected by various savings clauses in the New York Constitution, the Municipal Home Rule Law, and the Charter (see NY Const, art IX, § 3 [b]; Municipal Home Rule Law §§ 35 [2], [3], [4]; 50 [2], [3]; 51, 53, 56 [1]; Charter § 162). However, the Charter provisions cited by the County as the source of this power do not provide the County with the authority to enact local laws relating to the levy, collection, and administration of local taxes that are inconsistent with state laws. Charter § 150 (1) only provides that the County Legislature shall have powers of local legislation “under the provisions” (emphasis added) of article IX, § 2 of the New York Constitution. As discussed above, article IX, § 2 of the New York Constitution only authorizes local laws relating to the levy, collection, and administration of local taxes that are consistent with state laws, both general and special. Further, authority to enact a local law purporting to repeal the County Guaranty is not found in either Charter §§ 151 or 154. Charter § 151 merely sets forth the procedure the County Legislature must follow when it adopts a local law which supersedes a special law of the State, and Charter § 154 provides some additional restrictions on the County’s ability to adopt local laws that supersede special laws of the State. Neither of these provisions gives the County the authority to adopt laws beyond the authority granted in article IX, § 2 of the New York Constitution.
Consequently, the Supreme Court should have granted that branch of the Hafner plaintiffs’ cross motion in matter No. 2 which was for summary judgment declaring that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law and, upon searching the record (see generally Dunham v Hilco Constr. Co., 89 NY2d 425 [1996]; Zaldin v Concord Hotel, 48 NY2d 107, 110 nn 1, 2 [1979]; Capotosto v City of New York, 288 AD2d 419, 420-421 [2001]), should have awarded the school districts and the Town plaintiffs summary judgment declaring that Local Law No. 18 violates the New York Constitution and the Municipal Home Rule Law.
In light of our determination, we need not reach the appellants’ remaining contentions.
*120 Accordingly, the order and judgment is reversed insofar as appealed from, on the law, that branch of the cross motion of the plaintiffs in matter No. 2 which was for summary judgment declaring that Local Law No. 18-2010 of County of Nassau violates the New York Constitution and the Municipal Home Rule Law is granted, upon searching the record, the petitioners/ plaintiffs in matters No. 1 and 3 are awarded summary judgment declaring that Local Law No. 18-2010 of County of Nassau violates the New York Constitution and the Municipal Home Rule Law, the petitions in matters No. 1 and 3 are denied as academic, and it is declared that Local Law No. 18-2010 of County of Nassau violates the New York Constitution and the Municipal Home Rule Law.
Skelos, J.E, Leventhal and Chambers, JJ., concur.
Ordered that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs to the plaintiffs in matter No. 2, the petitioners/plaintiffs in matter No. 1, and the petitioners/plaintiffs in matter No. 3, appearing separately and filing separate briefs, payable by the County of Nassau, Edward E Mangano, and the Nassau County Legislature, that branch of the cross motion of the plaintiffs in matter No. 2 which was for summary judgment declaring that Local Law No. 18-2010 of County of Nassau violates the New York Constitution and the Municipal Home Rule Law is granted, upon searching the record, the petitioners/plaintiffs in matters No. 1 and 3 are awarded summary judgment declaring that Local Law No. 18-2010 of County of Nassau violates the New York Constitution and the Municipal Home Rule Law, the petitions in matters No. 1 and 3 are denied as academic, and it is declared that Local Law No. 18-2010 of County of Nassau violates the New York Constitution and the Municipal Home Rule Law.