[No. 361–2.    Division Two.    February 7, 1972.]

J.S.K. ENTERPRISES, INC., *Appellant*, v. THE CITY OF LACEY, *Respondent.*

*Anthony T. Ressa,* for appellant.

*Argal D. Oberquell,* for respondent.

ARMSTRONG, J.—This comes before us on a petition for rehearing of our decision reported in 6 Wn. App. 43, 492 P.2d 600 (1971). The respondent, City of Lacey, contends that even if the ordinance in question was unconstitutional, the appellant, J.S.K. Enterprises, could not recover damages for loss of business because legislative actions of the city cannot be characterized as tortious, however unwise or mistaken they may be. We agree.

We have previously determined that there was substantial evidence to support the trial court's finding that the city did not engage in any harassment of the appellant, but did conduct an investigation to ascertain whether employees of the appellant sauna parlor engaged in lewd acts. We held that the ordinance in question was unconstitutional.

We now hold that liability for damages in favor of appellant must be predicated upon tortious conduct by the city. The enactment of the ordinance was a legislative act and legislative acts of the city cannot be characterized as tortious, however mistaken or unwise they may have been. We find that the ordinance was enacted in good faith by the city in an attempt to eliminate a social evil—the lewd acts of certain sauna employees. Public policy and good government require that a legislative body be free to enact

good faith legislation without incurring tort liability, even though that legislation be subsequently held to be unconstitutional. *Evangelical United Brethren Church v. State,* 67 Wn.2d 246, 407 P.2d 440 (1965).

The dismissal of the claim for damages will be affirmed. In all other respects we adhere to our former opinion.

PETRIE, C.J., and PEARSON, J., concur.

Review denied by Supreme Court March 21, 1972.