HALL, Judge.
Plaintiff, Reverend Louis M. Coppage, filed suit for damages against Dr. D. E. Gamble, Fairfield Corporation, d/b/a Fair-field Hospital, and their insurer, St. Paul Fire & Marine Insurance Company, alleging that Dr. Gamble performed an unnecessary and unauthorized operation on plaintiff in the defendant hospital on November 23, 1971. Subsequently, on November 5, 1973, plaintiff named as additional defendants, the Louisiana Department of Hospitals (which agency was merged into the Louisiana Health, Social and Rehabilitation Services Administration by Act 253 of 1972) and the Louisiana State Board of Medical Examiners.
 Plaintiff’s suit was dismissed as to the Louisiana Health, Social and Rehabilitation Services Administration on a motion for summary judgment and as to the Louisiana State Board of Medical Examiners on an exception of no cause of action. Plaintiff appealed.
The allegations of plaintiff’s petition, as amended, relating to these two defendants are as follows:
“11a.
“Petitioner alleges on his knowledge, information and belief that the defendant, Board of Examiners of the State of Louisiana, allowed the defendant, Dr. D. E. Gamble, to perform surgery he was not qualified to do and the defendant, Board of Medical Examiners of the State of Louisiana, did this by issuing the defendant, Dr. D. E. Gamble, a license to practice podiatry within the State of Louisiana. Petitioner further alleges on knowledge, information and belief that the Department of Hospitals of the State of Louisiana is liable to petitioner for the damages he has suffered since the defendant, Department of Hospitals of the State of Louisiana issued a license to the defendant, Fairfield Corporation, d/b/a Fairfield Hospital. Petitioner alleges that the defendant, Department of Hospitals of the State of Louisiana, breached its duty owed to the petitioner as a member of the general public *470 in granting a license to the defendant, Fairfield Hospital, since the granting of a license leads the public to believe that the hospital so licensed will allow surgery only as consented to and only as performed by a prudent physician. Therefore, the defendants, Board of Medical Examiners of the State of Louisiana and the Department of Hospitals of the State of Louisiana are liable to petitioner, in solido, with the other defendants for the damages suffered by petitioner.”
“XVII.
“The defendants, Department of Hospitals of the State of Louisiana and the Board of Medical Examiners of the State of Louisiana, are liable to the plaintiff because of their misfeasance, malfeansance or nonfeasance in not providing for the protection of the public health. Its duty is created by L.S.A. R. S. 40:2101 and L.S.A.R.S. 37:1269 which imposes the duty on the defendants, The Department of Hospitals of the State of Louisiana and the Board of Medical Examiners of the State of Louisiana, respectively. Had not the defendants, The Department of Hospitals of the State of Louisiana and The board of Medical Examiners of the State of Louisiana, not issued licenses to the defendants, Fair-field Hospital and Dr. D. E. Gamble, then the plaintiff would not have suffered the injuries herein sued upon. Further, petitioner alleges that had the defendants, Department of Hospital of the State of Louisiana and the Board of Medical Examiners of the State of Louisiana properly performed the duty owed to the public and created by R.S. 40:2101 and 37:1269, then said defendants would not have allowed the defendants, Fairfield Hospital and Dr. D. E. Gamble to retain their licenses at the time of the accident herein sued upon and would not allow them to retain those licenses at the present time.”
The only fact alleged relating to these two defendants is that one defendant issued a license to Dr. Gamble and the other defendant issued a license to the Fairfield Hospital. The petition alleges no facts whatsoever constituting fault on the part of either defendant. The petition does not allege any facts tending to show wrongful or negligent conduct by either defendant or tending to show a breach of any duty owed by either defendant to this plaintiff or to the public generally. The mere issuance of a license by a licensing authority does not render the licensing authority liable for the offenses of the licensee.
The petition fails to set forth a cause of action. No material facts are alleged over which there could be a genuine issue and the defendants are entitled to judgment as a matter of law.
The foregoing conclusion being disposi-tive of this appeal, it is unnecessary to discuss the other defenses, including prescription, urged by defendants.
The judgments of the district court are affirmed at appellant’s costs.
Affirmed.