### (November 14, 1977)

■ ARTHUR O. PELLNAT, Appellant-Respondent, v CITY OF BUFFALO, Respondent-Appellant.—Order unanimously affirmed, without costs, Goldman, J., not participating. Memorandum: This appeal involves an attempt by a taxpayer of the City of Buffalo, Arthur Pellnat, to recover $112.10 which he paid to the City of Buffalo under protest after our decision in *Hurd v City of Buffalo* (41 AD2d 402) on May 18, 1973 but before its affirmance by the Court of Appeals (34 NY2d 628) on March 27, 1974. Pellnat brought an action against the city in the City Court of Buffalo and recovered a judgment in the amount claimed. On appeal to the County Court of Erie County, judgment was reversed. Plaintiff appeals from that order, claiming that he is entitled to recover that portion of his 1973 real property tax which was finally held, in 1974, to be unconstitutional as beyond the city's taxing limitation. Each of the parties relies on this court's opinion in *Hurd.* The City of Buffalo relies on nonretroactivity language therein as follows: "The city administration relied upon the statute in preparing its budget and to mandate repayment of amounts illegally collected in the past would place an impossible burden upon it" (p 406). The taxpayer relies on language therein which declares section 11.00 of the Local Finance Law unconstitutional "insofar as it excludes the City of Buffalo's future annual requirement for pension and retirement liabilities from the tax limit" (p 406). The payment in question falls on a middle ground. A review of the principles set forth in *Lemon v Kurtzman* (411 US 192), relied on for the nonretroactivity doctrine in *Hurd,* is helpful. The Supreme Court there noted that: "The

process of reconciling the constitutional interests reflected in a new rule of law with reliance interests founded upon the old is 'among the most difficult of those which have engaged the attention of courts, state and federal . . . .' [citations omitted]. Consequently, * * * the effect of a given constitutional ruling on a prior conduct 'is subject to no set "principle of absolute retroactive invalidity" but depends upon a consideration of "particular relations . . . and particular conduct . . . of rights claimed to have become vested, of status, of prior determinations deemed to have finality"; and "of public policy in the light of the nature both of the statute and of its previous application." ' [citations omitted]." *(Lemon v Kurtzman, supra,* pp 198–199.) In discussing the competing interests which must be balanced in order to arrive at a fair and just result, the court stated that "It is well established that reliance interests weigh heavily in the shaping of an appropriate equitable remedy [citations omitted]." *(Lemon v Kurtzman, supra,* p 203.) The situation in this case is in much the same posture as that in *Lemon.* Approximately two weeks prior to our decision in *Hurd,* the budget for the City of Buffalo for fiscal 1973–1974 was submitted to the Buffalo Common Council (April 27, 1973). That budget was adopted by the common council on May 31. The deadline for the board of assessors to publish notice with respect to city real property taxes was June 20, 1973 and the first installment of that tax was due in July. The City of Buffalo had a right to rely on the basic presumption of the constitutional validity of a duly enacted law. The fact that the law had been challenged did not mandate a revision in the budget-making or tax-levying process, because the outcome was at best uncertain. The trial court had ruled the law constitutional. Our reversal thereof was being appealed to the Court of Appeals, and there was no certainty as to the ultimate determination of the question. The preparation of the budget had already taken place at the time of our decision, and little time remained in which the council was required to adopt its budget. There is no indication of bad faith or delay on the part of the city; practicality demanded that the governmental process go on. Under the principles enunciated in *Lemon v Kurtzman* (411 US 192), there was no impropriety in levying and collecting the tax for fiscal 1973–1974, despite the fact that its legality was in litigation. The city was entitled to prepare and adopt its budget in reliance on revenues to be derived from a previously devised tax formula. To require the city to restore those taxes would be inequitable and contrary to sound policy considerations enunciated in *Hurd* and *Lemon.* (Appeals from order of Erie County Court—city tax.) Present— Marsh, P. J., Moule, Denman, Goldman and Witmer, JJ.