## No. 27423

## City and County of Denver v. Lois Mae Nielson

(572 P.2d 484)

Decided December 27, 1977.

Max P. Zall, City Attorney, Charles E. Sellner, Assistant, for plaintiff-appellee.

Charles A. Friedman, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Appellant was convicted of having administered massages to members of the opposite sex, in violation of Denver Revised Municipal Code 971.2-14 (hereinafter ordinance). The Superior Court in and for the City and County of Denver affirmed the conviction on appeal, relying on *Colorado Springs Amusements, Ltd. v. Rizzo*, 524 F.2d 571 (3rd Cir. 1975), *cert. denied*, 428 U.S. 913, 96 S.Ct. 3228, 49 L.Ed.2d 1222 (1976). The case is before us for review to determine the constitutionality of the ordinance upon which conviction is predicated. We reverse.

Section 971.2-14 provides:

"971.2-14. UNLAWFUL TO PRACTICE MASSAGE UPON PERSONS OF THE OPPOSITE SEX. It shall be unlawful for any licensee hereunder to practice or administer massage as defined herein upon a person of the opposite sex, unless said licensee shall be in possession of a written authorization or prescription signed by a physician or an osteopath registered in the state of Colorado which shall state the date of issue, the name of the licensee, the person upon whom such massage shall be administered and the duration of the period, not to exceed ninety (90) days, for which the licensee may practice or administer massage upon the person designated. (Ord. 57, Series 1962)."

The Third Circuit Court of Appeals held that a similar ordinance which prohibited massage by a member of the opposite sex did not violate federal constitutional rights of equal protection or due process in *Colorado Springs Amusements, Ltd. v. Rizzo, supra.* It reversed the district court decision, reported at 387 F.Supp. 690 (E.D. Pa. 1974), which had held the ordinance to be unconstitutional. Reversal was mandated by the United States Supreme Court decision in *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975):[1]

"The Supreme Court's decision last term in *Hicks v. Miranda* 43 U.S.L.W. 4857, 95 S.Ct. 2281, 45 L.Ed.2d 223 (U.S. 1975), is dispositive of most of the plaintiffs' contentions in this case.

. . . .

---

[1] In *Hicks v. Miranda, supra*, the United States Supreme Court held that lower federal courts must treat its summary dispositions as conclusive precedents regarding constitutional challenges to similar statutes or ordinances. The wisdom of this decision has been seriously questioned. *See* Justice Brennan's dissent in the Supreme Court's denial of certiorari in *Colorado Springs Amusements, Ltd. v. Rizzo, supra; see also Hogge v. Johnson*, 526 F.2d 833 (4th Cir. 1975) (Clark, J. concurring); 76 Colum. L. Rev. 508 (1976).

"[W]e are not free to disregard three dismissals by the Supreme Court, for want of a substantial federal question, of challenges to ordinances identical in all material respects to the one in question here. A reading of the appeal papers shows that the orders dismissing the appeals in *Smith v. Keator, Rubenstein v. Cherry Hill,* and *Kisley v. City of Falls Church* are precedent for rejecting all but two of the contentions raised in opposition to section 9-610(4) of the Philadelphia Code. The dismissal by the Supreme Court in these three cases dispose of the plaintiffs' claims based upon equal, but reprehensible, treatment of both sexes, and invidiously discriminatory sex-based classification, an irrational exception in the ordinance for massage treatments given under the direction of a medical practitioner; unreasonable abridgement of the right to pursue a legitimate livelihood; and the irrebuttable presumption doctrine. . . ." (Footnotes omitted.)

■ Regardless of the Third Circuit Court's decision in *Colorado Springs Amusements, Ltd. v. Rizzo, supra,* states may interpret their own constitutional provisions to afford greater protections than the Supreme Court of the United States has recognized in its interpretation of the federal counterparts to state constitutions. *Oregon v. Hass,* 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Cooper v. California,* 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *People v. Hoinville,* 191 Colo. 357, 553 P.2d 777 (1976).

The appellant contends that Denver's ordinance violates the due process clause of the Colorado Constitution, *Colo. Const.* Art. II, Sec. 25, by creating an irrational conclusive presumption. We agree.

The district court decision in *Colorado Springs Amusement, Ltd. v. Rizzo, supra,* which was subsequently reversed, held a similar ordinance void as violative of due process on this basis:

"The ordinance makes a conclusive presumption that all who massage persons of the opposite sex will engage in illicit sexual activity. For such a presumption to be constitutionally valid, the presumption must in fact be reasonable. *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Even though there is a legitimate purpose for the legislation, such legislation must fail if there is no reasonable factual basis for the enactment. *Cleveland Board of Education v. La Fleur,* 414 U.S. 632, 645, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *United States Dept. of Agriculture v. Murry,* 413 U.S. 508, 514, 93 S.Ct. 2832, 37 L.Ed.2d 767 (1973); *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230; 37 L.Ed.2d 63 (1973); *Stanley v. Illinois,* 405 U.S. 645, 655, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). There is no evidence on the record from which a conclusion could be made that all persons who massage a person of the opposite sex will commit an illicit sexual act.

. . . .

"The ordinance precludes everyone, whether moral or immoral, from administering for compensation massages to persons of the opposite sex. The ordinance provides no opportunity for anyone to conduct such business, even though if properly conducted, such would be a legitimate business enterprise. The ordinance makes this blanket prohibition because the legislative body ascertained to its satisfaction that some persons utilized such business for immoral and illicit sexual practices. In effect, therefore, to eradicate this evil, without affording any opportunity for one to establish that he or she would engage only in legal and legitimate massage practices, the legislative body conclusively presumed that all would engage in improper practices. This is prohibiting one from engaging in a legitimate business without due process of law."

Similarly, a Washington court has held that ordinances of this type "require stereotyping of the worst kind" and effectively say that "because some women perform lewd acts in sauna parlors that all massagists can be judged to be lewd if given the opportunity." *J.S.K. Enterprises, Inc. v. City of Lacey*, 6 Wash. App. 43, 492 P.2d 600 (1971), *reh.* 6 Wash. App. 433, 493 P.2d 1015 (1972).

Every citizen has a natural and constitutional right to engage in any lawful business subject to such *reasonable* regulation as may apply to all persons engaged in the same kind of business. *Moffitt v. City of Pueblo*, 55 Colo. 112, 133 P. 754 (1913). The Denver ordinance is not a *reasonable* regulation. It creates an unreasonable, arbitrary, and unconstitutional conclusive presumption, in violation of Article II, Section 25 of the Colorado Constitution. The ordinance is unduly oppressive to legitimate massage practitioners and goes beyond the means reasonably necessary to accomplish the legitimate objective of preventing illicit sexual behavior. Alternative, constitutionally permissible methods of curtailing sexually illicit behavior are available to legislative bodies. *See Cianciolo v. Members of City Council, City of Knoxville, Tenn.*, 376 F.Supp. 719 (E.D. Tenn. 1974); *Corey v. City of Dallas*, 352 F.Supp. 977 (N.D. Tex. 1972), *rev'd*, 492 F.2d 496 (5th Cir. 1974) (reversed on standing).

In light of the above discussion, it is unnecessary to address the appellant's alternative constitutional challenges to the ordinance.

Accordingly, the judgment is reversed, and the complaint against the appellant for violation of the ordinance is dismissed.

MR. JUSTICE CARRIGAN does not participate.