470 So.2d 228 (1985)
Bertha VERRET, on Behalf of the Minor Child, Chrystal GATLIN
v.
Lorenzo and Nellie SCOTT, Both Individually, and, d/b/a Nel's Little Angel Day Care Center and State of Louisiana Through the Department of Health and Human Resources.
No. CA-3000.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
*229 Jerry H. Bankston, Staff Atty., Dept. of Health and Human Resources, Baton Rouge, for defendant/appellee.
Harry E. Forst, New Orleans, for plaintiff/appellant.
Before GULOTTA, LOBRANO and BYRNES, JJ.
LOBRANO, Judge.
Bertha Verret, natural tutrix of the minor Chrystal Gatlin, appellant, seeks damages from the Department of Health and Human Resources (DHHR) for injuries sustained by Chrystal when she fell from a vehicle transporting her from "Nel's Little Angel Day Care Center". The lower court dismissed appellant's action on a motion for summary judgment, and this appeal followed.
The facts of this case are relatively simple. DHHR, on behalf of the State of Louisiana, licenses day care centers, some privately financed and some publicly financed. Lorenzo and Nellie Scott are the owners and operators of a day care center in New Orleans known as "Nel's Little Angel Day Care Center". They operate under a written contract with DHHR known as a Provider Agreement. DHHR licensed the center and pays $133.98 per *230 month per child. The funding for such payment is derived from the United States pursuant to Title XX of the Social Security Act.
As part of the services provided by the day care center, Lorenzo Scott picked up some of the children at their homes and returned them at the end of each day in his own vehicle. On May 18, 1982 Chrystal Gatlin was a passenger in the Scott vehicle and in some unknown manner fell from the vehicle sustaining injuries. The exact cause of her falling out of the vehicle is not known. Appellant alleges negligence on the part of DHHR as follows:
a) Failing to inspect or regulate the manner in which Nel's Little Angel Day Care Center was run; specifically in reference to their method of transporting children;
b) Failing to check that vehicles used in the transportation of children were insured to protect the passengers;
c) Failing to inspect or check to see that the Department rules are followed by licensed day care centers such as Nel's Little Angel Day Care Center;
The issue raised in this appeal is the appropriateness of the lower court's granting a summary judgment in favor of DHHR.
Use of a motion for summary judgment is authorized by our Code of Civil Procedure. Any party may move for same with or without supporting affidavits. La. C.C.P. Art. 966. A judgment shall be rendered "... if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Id. The party opposing a motion for summary judgment may not rest on mere allegations or denials in his pleadings, but must respond with counter affidavits or otherwise. La. C.C.P. Art. 967.
In support of this motion, DHHR filed affidavits and agency records which show that the center had been inspected on April 27, 1982, just 21 days prior to the accident. Those documents show that DHHR followed agency regulations in connection with their inspection, and they were satisfied that liability insurance was in effect. The agency was satisfied that the center had agreed to conform to State Laws.
In opposition thereto, appellant did not file any countervailing affidavits or documentation, but relied on legal arguments in which he basically alleges that there is a greater duty imposed on DHHR than those enumerated by statute and/or regulation. Specifically, appellant argues that DHHR failed to maintain a safe method of transportation in not requiring children to wear safety restraints while in the vehicle, by not requiring special safety locks on the doors, and by not requiring proper supervision of the children while transporting them.
First of all, we conclude that there is no genuine issue of material fact with respect to appellant's allegations that DHHR failed to properly regulate or inspect the center. Clearly the affidavits show that the center is regularly inspected in conformity with department rules. Appellant filed nothing in opposition thereto, other than a memorandum. This is not sufficient, and therefore there is no issue in this regard.
With respect to appellant's argument that DHHR's duty extends beyond the mere regulation checklist, we must disagree.
Appellant alleges that since La.R.S. 46:1401 et seq. allows an agency to be licensed "... based on standards developed by the department with due regard for the welfare of the children," the law imposes a very broad duty on DHHR, and not merely that which is set forth in its regulations. In essence, appellant argues that DHHR should have required specific standards with respect to the transportation of children to and from the centers, and that in not promulgating such standards they breached that "broad" duty. We disagree.
*231 Any analysis of a negligence problem naturally involves a duty-risk analysis. See, Dunne v. Orleans Parish School Board, 463 So.2d 1267 (La.1985). Duty is created either by statute or jurisprudence, Hill v. Lundin, 260 La. 542, 256 So.2d 620 (1972). The regulations promulgated by DHHR with respect to transportation read as follows:
"VI. Transportation
The center which provides transportation of children assumes additional responsibility for the safety of children. The center's transportation plan must be posted.
A. Transportation Furnished by Center
1. The director or operator shall ensure that transportation arrangements conform to state laws.
2. The driver must be covered by liability insurance.
3. The driver shall hold a valid chauffeur's license if vehicles are used that require the driver to have a chauffeur's license.
4. The driver shall not leave the vehicle unattended at any time while transporting children.
5. The driver shall see that:
a. Each child boards or leaves the vehicle from the curb side of the street and/or is safely conducted across the street.
b. A responsible person is present when the child is delivered to his home or the center.
c. Good order is maintained on the vehicle.
6. The vehicle shall be maintained in good repair."
After reading the above regulations, it is clear to this court that DHHR has not breached any duty imposed by those regulations. Further, we find no jurisprudence which would impose a duty on DHHR requiring the use of safety restraints, or special door locks.[1] Absent a statutory or jurisprudentially imposed duty, DHHR cannot be held accountable in this instance. Furthermore, appellant has not cited any authority to this Court, nor are we aware of any, that imposes liability on a governmental entity for failure to take legislative or regulatory action.
Alternatively, appellant argues that DHHR should be responsible under a principal agent relationship. In order for DHHR to be vicariously liable in that situation, the civilian concept of respondeat superior, or master servant must be applicable. The liability for the negligent acts of another do not flow simply because of a principal agent relationship. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968).
Our Civil Code, as explained in Blanchard, supra provides that masters are answerable for the damages occasioned by their servants. La. C.C. Art. 2320. To determine the master servant relationship, it was stated in Blanchard, supra:
"`Servant' must be interpreted as that particular kind of agent who has a very close economic relation to, and is subject to very close control by, the principal." Blanchard, supra at 906.

To impute liability to DHHR in this case the owners and operators of the day care center must be classified as servants within the above meaning. See also, Whittington v. Sowela Technical Institute, 438 So.2d 236 (La.App. 3rd Cir.1983), writs denied, 443 So.2d 592 (La.1983). Clearly no such relationship has been shown in the instant case. Appellant has not alleged such a status in his pleadings nor has documentation been presented to establish an issue as to that fact.
Since there is no genuine issue of fact with respect to the allegation that DHHR failed to properly inspect nor has any duty been established beyond the regulations, we conclude the summary judgment was proper, and affirm the trial court's judgment.
AFFIRMED.
NOTES
[1] See Act 156 of 1984 relative to use of seat belts. It is noted that the legislature provided that failure to use them could not be used as evidence of negligence.