*818 OPINION OF THE COURT
David O. Boehm, J.
This motion presents the novel question of whether one municipality, the Town of Webster (Town), is obligated to indemnify another municipality, Webster Central School District (School District), for a loss in school tax revenue resulting from the Town’s adoption of homestead dual tax rates (Real Property Tax Law art 19), and the certification of such rates to the School District.
The motion follows a previous order by this court, dated October 17, 1985, ruling that use of dual tax rates by defendant Webster Central School District, against properties located within the defendant Town of Webster, was unconstitutional as applied to the plaintiff Xerox Corporation (Xerox) and enjoining the defendants from attempting to collect from Xerox school taxes in excess of the amount that would be payable by Xerox if a uniform rate of taxation were applied. As a result, the School District was required to reduce the 1985-1986 school tax levy imposed on Xerox by approximately $892,000. Now the School District moves for summary judgment on its cross claim for indemnification against the Town to recover these lost revenues.
On April 22, 1985 the Webster Town Board passed Local Laws, 1985, No. 1 of Town of Webster, which adopted a dual tax rate structure under the Homestead Act as it then existed (Real Property Tax Law art 19). Thereafter, on May 10, 1985, Xerox commenced this action to challenge the constitutionality of the local law.
On June 6, 1985, six weeks after the enactment of Local Law No. 1, the Court of Appeals rendered its decision in Foss v City of Rochester (65 NY2d 247) (Foss I), which held in part that the use by the County of Monroe of the homestead dual rate tax structure adopted by local law of the City of Rochester was unconstitutional because it resulted in higher county taxes for nonhomestead properties within the city compared with the county tax for similar nonhomestead properties outside the city. Inasmuch as no rational demographic basis was demonstrated for imposing demonstrably different tax burdens on similar properties in different geographic locations, the court concluded that the statute as applied resulted in invidious discrimination violating the equal protection clauses of the Federal and State Constitutions.
In response to the obvious dilemma created by the Foss I decision to taxing units which encompassed a number of *819 separate municipalities, such as counties and school districts, Real Property Tax Law article 19-A was enacted on August 2, 1985 and made retroactive to June 6, 1985, the date Foss I was decided. The effect of this new law was to replace the traditional system of direct levies by each county and school district against individual properties within a municipality. Under article 19-A, the county or district determined the proportion of its tax to be collected from each municipality, and the municipality had the responsibility of arriving at the amount of school or county tax to be levied upon each property within its boundaries and making such levies directly.
Following the enactment of article 19-A, Xerox amended its complaint in this action to test the constitutionality of the local law in light of the new legislation. It then moved for partial summary judgment, seeking a declaration that the use of dual tax rates by the School District against properties located within the Town was unconstitutional as applied, and an injunction prohibiting the School District and Town from collecting any taxes in excess of the amount payable under uniform rates. At the same time the Town moved to dismiss the School District’s cross claims against it for contribution and indemnification if Xerox prevailed, and the School District cross-moved for summary judgment on its cross claims.
Shortly before the return date of these motions, article 19-A was held unconstitutional in Monroe County Supreme Court at Special Term (Foss v City of Rochester, decided Sept. 30, 1985 [Conway, J.]) (Foss II). Thereafter, on the October 11, 1985 return date, this court granted Xerox’s motion for declaratory and injunctive relief. At that time the Town and School District agreed to adjourn their motions regarding the School District’s cross claims, pending a decision by the Court of Appeals in Foss II.
On November 20, 1985, the Court of Appeals affirmed Special Term’s decision in Foss II (Foss v City of Rochester, 66 NY2d 872), noting that the constitutional deficiency in Foss I had not been cured by the legislation.
The School District now renews its prior motion for summary judgment on its cross claim for indemnification against the Town wherein it seeks to recover from the Town the amount of tax revenue it lost as a result of the judgment granted Xerox. It is undisputed that the lost revenues of the School District resulted from the Town’s discretionary actions in adopting Local Law No. 1 and in certifying its base proportions to the School District.
*820 The right of indemnity springs from a contract, express or implied, in which full reimbursement is sought (McFall v Compagnie Mar. Belge [Lloyd Royal], 304 NY 314, 328). Implied indemnification, the relief sought here, has a long history in common law and operates to prevent unjust enrichment (McDermott v City of New York, 50 NY2d 211, 216-217). It rests upon the principle that everyone is responsible for the consequences of his own acts, and if another person is compelled to pay damages which ought to have been paid by the wrongdoer, they may be recovered from him (Dunn v Uvalde Asphalt Paving Co., 175 NY 214, 217-218; Oceanic Steam Nav. Co. v Compañía Transatlantica Espanola, 134 NY 461, 467-468). A valid claim for implied indemnification may exist in favor of one municipality against another (see, Twitchell v Town of Pittsford, 106 AD2d 903, 905, affd 66 NY2d 824). However, for the reasons which follow, such a claim may not be upheld in this case.
Real Property Tax Law § 305 and article 19 authorized local assessing units to elect to institutionalize a de facto dual system of real property taxation, dividing all real property subject to tax into two classes, homestead properties, three or fewer families, and nonhomestead, all other properties (Foss v City of Rochester, 65 NY2d 247, 255, supra). Pursuant to Real Property Tax Law § 1302, a school district is required to base the tax it levys upon the assessment rolls of the municipalities within its boundaries; it is without power to question the assessments or the method of arriving at the assessed valuation (Matter of District Three IUE Hous. Dev. Fund Corp. v Buckley, 74 Misc 2d 1078; see also, Foss v City of Rochester, 65 NY2d, at p 259).
Since the civil divisions of the State, its counties, cities, towns and villages, possess no independent sovereignty, the waiver by the State of its sovereign immunity (Court of Claims Act § 8) rendered its civil divisions answerable for their own wrongs (Becker v City of New York, 2 NY2d 226; Bernardine v City of New York, 294 NY 361). This waiver of immunity, however, is not absolute (see generally, 2C Warren’s Negligence, Municipal Corporations § 2.03 [3] [3d ed]). Generally, no liability attaches for the performance of governmental functions involving the exercise of judgment and discretion (Tango v Tulevech, 61 NY2d 34, 40-41; Garrett v Holiday Inns, 58 NY2d 253, 263; Weiss v Fote, 7 NY2d 579), or for acts which are "sovereign in character and completely foreign to *821 any activity which could be carried on by a private person” (Bellows v State of New York, 37 AD2d 342, 344).
Accordingly, it has been held that the mere enactment of legislation cannot serve as a basis for imposing civil liability, even where such legislation is subsequently held to be unconstitutional (Barrett v State of New York, 220 NY 423). Although the Barrett decision was prior to the State’s statutory waiver of immunity, the rationale remains in force (Weiss v Fote, 7 NY2d 579, 584-585, supra; see also, Newiadony v State of New York, 276 App Div 59; Kessel v Purcell, 119 Misc 2d 449). The principle that civil liability cannot arise from the enactment of legislation has been applied in other jurisdictions as well (Supreme Ct. of Va. v Consumers Union, 446 US 719; J.S.K. Enters. v City of Lacey, 6 Wash App 433, 493 P2d 1015; see generally, Restatement [Second] of Torts §§ 895B, 895C; 18 McQuillin, Municipal Corporations § 53.04a [3d rev ed]; Prosser and Keeton, Torts § 131, at 1046, 1052 [5th ed]; 57 Am Jur 2d, Municipal, School, and State Tort Liability, §§ 45, 113).
This is not a case in which liability is predicated upon a town’s performance of a proprietary function (see, Twitchell v Town of Pittsford, 106 AD2d 903, affd 66 NY2d 824, supra), or of a ministerial or nondiscretionary act (see, Garrett v Holiday Inns, supra; Rottkamp v Young, 21 AD2d 373, affd 15 NY2d 831). Whether a municipality will adopt a dual tax rate structure is a matter which is permissibly directed to its discretion. In exercising such discretion the municipality is performing a governmental function for which no liability can be imposed.
Here the School District is seeking to impose liability upon the Town for exercising a right of election which, at the time, was authorized by State law. The acts of the Town upon which the School District’s indemnification claim is based occurred before there was notice of constitutional infirmity. Local Law No. 1 was enacted six weeks before the decision in Foss I was rendered, and the base proportions were certified some time before August 30, 1985, a month before article 19-A was found unconstitutional in State Supreme Court in Foss II. In effect, the School District seeks to have the finding of unconstitutionality applied retroactively, imposing liability for the Town’s reliance on a then presumptively valid State law. Such retroactive relief is generally not permitted, and may not be granted here.
*822 In Lemon v Kurtzman (411 US 192), the United States Supreme Court permitted Pennsylvania to make payment to nonpublic sectarian schools for services rendered by them prior to the date the law providing for such payments was held unconstitutional. The court pointed out that "statutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct. This fact of legal life underpins our modern decisions recognizing a doctrine of nonretroactivity” (411 US, at p 199). To hold otherwise, the court reasoned, would seriously undermine the initiative of legislators to act in accordance with a duly enacted law until a judicial determination had been made (411 US, at pp 207-209).
Relying upon this principle, courts in this State have denied claims for retroactive reimbursement of State funds expended before authorizing legislation was held unconstitutional (see, New York Public Interest Research Group v Steingut, 40 NY2d 250; State Communities Aid Assn. v Regan, 112 AD2d 681). In addition, courts have generally declined to require restitution of moneys paid under a tax law subsequently declared to be unconstitutional (see, Hurd v City of Buffalo, 41 AD2d 402, affd 34 NY2d 628).
Refunds have been permitted where the municipality had previously been put on notice of the legislation’s constitutional infirmity (Waldert v City of Rochester, 44 NY2d 831), but such is not the case here. Prior to the Court of Appeals decision in Foss I (supra) the Appellate Division had upheld the constitutionality of article 19 as applied to the county tax levys (104 AD2d 99). Thus, when Local Law No. 1 was enacted, there was neither reason nor obligation for the Town to assume that its law would be struck down. That an appeal of Foss I was being taken to the Court of Appeals or that a challenge to the constitutionality of article 19-A was being made in Foss II (supra) are not sufficient to charge the Town with advance notice of constitutional infirmity; in each instance it had the right to rely upon the presumption of constitutional validity of the legislation (see, Pellnat v City of Buffalo, 59 AD2d 1038).
For the foregoing reasons, the School District’s motion for summary judgment is, therefore, denied.