535 So.2d 1199 (1988)
Murray ROBERSON and G.M. Richardson, Plaintiffs/Appellants,
v.
BOSSIER PARISH POLICE JURY, Defendant/Appellee.
No. 20159-CA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
*1200 Piper and Associates by Ramona L. Emanuel, Shreveport, for plaintiffs/appellants.
James M. Bullers, Benton, for defendant/appellee.
Before HALL, FRED W. JONES and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiffs, Murray Roberson and G.M. Richardson, filed suit against defendant, Bossier Parish Police Jury, for damages resulting from defendant's enactment of an ordinance regulating the business of cockfighting which was declared unconstitutional in part in an earlier action. Plaintiffs contend that due to the police jury's unconstitutional legislation they were precluded from engaging in their usual business activities resulting in lost profits, damage to their business reputation, and mental anguish. Defendant filed an exception of no cause of action. The trial court sustained the exception and dismissed plaintiffs' action. Plaintiffs appealed contending that they have stated a cause of action since they were deprived of property without due process of law in violation of U.S. Const. Amend. XIV, § 1 and La. Const. Art. 1, § 2. For reasons expressed in this opinion, we affirm.
The police jury enacted Ordinance No. 2027 which regulated and required permits for cockfighting in Bossier Parish. In December of 1986, plaintiffs, owners of cockfighting arenas, filed suit seeking a judgment declaring the ordinance unconstitutional. In May of 1987, the trial court rendered judgment finding section IX unconstitutional and severed that provision from the ordinance. Section IX provided:
SECTION IX. ACTS PROHIBITED ON PREMISES HOLDING PERMITS.
No persons holding a permit issued herein and no person, servant, or employee of the permittee shall do any of the following acts on the licensed premises;

*1201 1. Sell, serve or allow patrons to possess any form of intoxicating liquor or alcoholic beverages.
2. Gamble or allow patrons to bet on the outcome of any endeavor on the lease premises to include cockfighting.
3. Permit any party under the age of 18 on the premises.
The district court found all three provisions overbroad because they interfered with the private use of the entire property owned by plaintiffs since "premises", as defined by the ordinance, included buildings, parking areas, and all property leased and/or owned by the permit holder. The court further found that state law allowed betting and preempted the police jury's regulation of gambling. No appeal was taken from that judgment and it is final.
Plaintiffs subsequently filed this action for damages caused by defendant's legislation. Plaintiffs contend that they were precluded from engaging in their usual business activities while Section IX was in force. Defendant filed an exception of no cause of action which was sustained by the trial court. The court dismissed plaintiffs' action finding that the ordinance did not prohibit cockfighting but only placed restrictions on the issuance of a permit. The court found that plaintiffs did not apply for a permit and could not have a cause of action for damages caused by their own decision.
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers, and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. LSA-C.C.P. Art. 927; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), rehearing denied 448 So.2d 1302 (La.1984); Mayer v. Valentine Sugars, Inc., 444 So. 2d 618 (La.1984); Haskins v. Clary, 346 So.2d 193 (La.1977); Sunlake Apartment Residents v. Tonti Development Corporation, 522 So.2d 1298 (La.App. 5th Cir.1988). The general rule is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleading. Haskins v. Clary, supra; West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Sunlake Apartment Residents v. Tonti Development Corporation, supra. The court must decide whether the law affords any relief to plaintiff under the circumstances alleged, under any theory of the case. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 La.1984)
Plaintiffs contend that citizens may bring an action for injuries to constitutionally protected interests directly under the United States Constitution or under the laws enacted by Congress, citing Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). No federal statutes are cited as applicable. It is true that the United States Supreme Court has allowed a cause of action in federal court against federal agents for constitutional violations even in the absence of a federal statute. Plaintiffs, however, have not cited any case in which a court has imposed liability upon a governmental entity for passing an ordinance which is subsequently found unconstitutional due to improper drafting, overbreadth, vagueness, or preemption by either state or federal law. See Pirolo v. City of Clearwater, 711 F.2d 1006 (11th Cir.1983), where the court stated that even if there is a violation of the supremacy clause by a municipality in enactment of an ordinance, plaintiff does not have a claim under the civil rights act, 42 U.S.C. § 1983. In the instant case, the regulations contained in that part of the ordinance held invalid were not unreasonable, per se, as they related to plaintiffs' business activities and did not deprive plaintiffs of any basic federal constitutional rights. The cause of the invalidity of part of the ordinance is not of the type for which a federal action and remedy is provided.
*1202 Plaintiffs have not set forth a cause of action under federal law.
We further hold that under the circumstances of this case plaintiffs are not entitled to relief under Louisiana law since the police jury, as a legislative body, acted pursuant to its police power and owed no duty to plaintiffs individually.
The Bossier Parish Police Jury is a local governmental subdivision which only has those powers that are conferred on it by the constitution and laws of the this state. LSA-Const. Art. 6, § 7(A). Defendant has the power to regulate houses of public entertainment which includes the power to regulate the business of cockfighting. LSA-R.S. 33:1236(6).
Plaintiffs' action for damages is apparently predicated upon alleged tortious conduct by the police jury. To find the police jury liable we must first determine that it owed plaintiffs a duty, that this duty was breached, and that the breach of this duty caused plaintiffs' injuries. LSA-C.C. Art. 2315; Duffy v. State, 415 So.2d 375 (La.App. 1st Cir.1982), writ denied 420 So. 2d 448 (La.1982).
The police jury in this case owed no duty to plaintiffs individually. Plaintiffs have not cited any authority, nor are we aware of any, that imposes liability on a governmental entity for enacting legislation or for its failure to take legislative action. Verret v. Scott, 470 So.2d 228 (La. App. 4th Cir.1985), writ not considered 472 So.2d 910 (La.1985). The enactment of an ordinance is a legislative act and legislative acts of the police jury cannot be characterized as tortious, however mistaken or unwise they may be. Public policy and good government require that a legislative body be free to enact good faith legislation without incurring tort liability even though that legislation is subsequently held unconstitutional. See Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985); Xerox Corporation v. Town of Webster, 131 Misc.2d 817, 502 N.Y.S.2d 379 (Sup.1986); J.S.K. Enterprises, Inc. v. City of Lacy, 6 Wash.App. 433, 493 P.2d 1015 (1972); Evangelical United Brethren Church of Adna v. State, 67 Wash.2d 246, 407 P.2d 440 (1965).
These principles are embodied in LSA-R. S. 9:2798.1 which provides that liability shall not be imposed on public entities based upon the exercise or performance of their policy-making acts when such acts are within the course and scope of their lawful powers and duties, unless such acts are not reasonably related to the legitimate governmental objective for which the policy making power exists or unless such acts constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
Plaintiffs did not allege bad faith, malice, or the like in their petition. The petition does not set forth a cause of action for damages under Louisiana law.
The judgment of the trial court sustaining defendant's exception is affirmed at plaintiffs' costs.
AFFIRMED.