LGONZALES, Judge.
On May 20, 1997, Mr. George Hilliard, Jr. was driving his Chevy pickup truck east on Choctaw Street in Baton Rouge, Louisiana, when Mr. Rolon A. Glover, headed west on Choctaw, crossed the center line and collided with Mr. Hilliard’s pickup truck. Mr. Hilliard died as a result of the accident. Mr. Hilliard’s daughters, Melissa Hilliard Hayes and Dorothy Hilli-ard Croute, filed suit against the State of Louisiana, through the Department of Public Safety and Corrections (DPS), individually and on behalf of their deceased father.
Prior to the accident, the tractor truck driven by Mr. Glover was inspected on January 4, 1997, by Mr. Donald E. Dedon, a certified vehicle inspector. The plaintiffs asserted that Mr. Dedon certified to the DPS that all systems, including the brak *150 ing system and the steering mechanism system, were in good condition and safe for operation, “when he knew or should have known that the subject vehicle was unsafe for operation on the Highway of this State because it had a Pittman Arm assembly that was worn and which had been ungreased or unlubricated.”[2]
The plaintiffs further asserted that the State, through the DPS, committed acts of fault and negligence, which were the proximate cause and cause in fact of the fatal accident, and asked for damages. In the alternative, the plaintiffs asserted the doctrine of res ipsa loquitor and, also, in the alternative, asserted there was no comparative fault on the part of Mr. Hilliard.
The State filed a peremptory exception raising the objection of no cause of action. The exception was denied. The State filed for supervisory writs with this court, which were denied. The State then filed for supervisory and/or remedial writs with the Louisiana Supreme Court, which were also denied.
| ¡¡Thereafter, the State filed an answer to the petition, asserting that the accident and injuries were not the result of any fault or negligence on the part of the DPS, or anyone for whom the DPS was responsible. In the alternative, in the event that the court found the DPS guilty of any negligence and/or fault, DPS alleged the accident and injuries were caused by the negligence and/or fault of Mr. Hilliard, and, further, the accident and injuries resulted from the fault of a third person or another for whom DPS was not responsible. Further, DPS asserted that it was immune from liability for any discretionary acts exercised in connection with the allegations. DPS pled the statutory limitation of liability, costs, and interest contained in La.R.S. 13:5106 and La.R.S. 13:5112.
Thereafter, the DPS filed a motion for summary judgment. By judgment dated December 2, 1999, the trial court granted the State’s motion for summary judgment. The trial court found in its oral reasons for judgment, as follows:
Let’s take up the res ipsa loquitor issue first. That is not applicable in this case because this is not a case where but for the negligence of Dedon, the accident would not have occurred since the negligence of the driver has to be taken into account. So that legal theory does not hold water.
The doctrine of negligence per se has never been adopted in Louisiana and that is not a viable cause.
' I have read the Coppage case. I have also read the Charles case — the Charles case was the one that was not for publication. Charles versus Lane LeBlanc, Third Circuit decision. Though it was very well reasoned I am surprised it wasn’t published. But since it wasn’t published — kind of at a — to cite it.
MS. O’CONNOR: Well, your honor, there is an exception to non-published cases where it involves the same parties and the same issue, and that was my contention that since it was also a Department of Public Safety case. And the — issue that even though it wasn’t published, we were allowed to cite it under that exception.
THE COURT: If you can squeak it in that way.
MS. O’CONNOR: Yes.
MR. ROBINSON: We would just like to note our objection, your honor, about that non-published nature of it.
*151 THE COURT: Well, the legal reasoning in that case, though, is quite compelling — uh—-in any event. And if I can’t cite for theirs, I will cite it for myself then that — uh—those who issue state inspection stickers are not state employees. It is pretty clear. When you go through all of the|4cases that define who is and who is not an employee of the state, purposes of — uh—especially in those cases for statutory immunity for employees of the state that it’s clear that motor vehicle inspection sticker people are not employees of the state. Also the mere issuance of a license by a licensing authority does not render that licensing authority liable for the offenses of the licensee. That’s the Coppage case. This court adopts that reasoning also.
I have searched very carefully for a way to deny this motion for summary judgment and I have been unable to do so. There is no basis of liability on behalf of the Department of Public Safety for any negligent inspection by Dedon who was not an employee of the state. Also, the res [ipsa], we have taken care of; negligence per se, we have taken care of.
Just to wrap it all up, under 2315.6 the petition does not state that the plaintiff saw the accident or arrived upon the scene thereafter. So they failed to state any cause under that on the face of the petition. The accident, therefore, should be stricken from the petition — uh—although that has not been requested here. The bottom line is I see no reason not to grant the motion for summary judgment in all respects, and — uh—
The plaintiffs are appealing the judgment granting the motion for summary judgment. They make the following assignments of error:
1. The Trial Court erred in granting summary judgment, since issues of material fact are prevalent, and by the state’s own documents a vehicle safety inspector is an “agent” of the state.
2. The Trial Court erred in citing an unpublished opinion as its authority for granting summary judgment.
A summary judgment shall be granted if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of Lake Hospital, 639 So.2d 730, 750 (La.1994).
Louisiana Revised Statute 32:1305 provides for the appointment of official inspection stations, as follows:
IkA- For the purpose of making inspections and issuing official certificates of inspection and approval as provided herein the director shall issue permits for and furnish instructions and all necessary forms to official inspection stations for the inspection of vehicles as herein required and the issuance of official certificates of inspection and approval.
B. Application for permit shall be made upon an official form and shall be granted only when the director is satisfied that the station is properly equipped and has competent personnel to make such inspections and adjustments and that inspection will be properly conducted. The director shall not *152 issue a permit as an official inspection station unless the applicant business has been in operation for not less than ninety days prior to the issuance. However, if there is no other official inspection station for use by the general public within twenty-five miles of the business making application, this required prior operation period shall be not less than thirty days. The director before issuing a permit may require the applicant to file a bond conditioned that it will make compensation for any damage to a vehicle during an inspection or adjustment due to negligence on the part of such applicant or its employees. The aggregate liability of the surety for all such damages shall in no event exceed the amount of such bond.
C. The director shall properly supervise and cause inspections to be made of such stations and shall revoke and require the surrender of the permit issued to a station which he finds is not properly equipped or conducted. The director shall maintain and post at the office of the department lists of all stations holding permits and of those whose permits have been revoked.
D. Permits for inspecting and issuing official certificates of inspection and approval shall be issued for a period of one year upon payment to the director of an annual fee of twenty-five dollars, plus an annual fee of five dollars for each mechanic inspector named in the permit application.
E. Any motor vehicle repair or maintenance shop operated or maintained by a person, firm or corporation in whose name there is licensed under the provisions of R.S. 47:462, ten or more vehicles, shall be, at his or its request, designated as an official inspection station, for the purpose of inspecting and certifying vehicles operated by such person.
F. Any motor vehicle repair shop or maintenance shop operated by a school board of any city or parish in whose name there are licensed under the provisions of R.S. 47:462 ten or more vehicles, or which has ten or more vehicles under contract, or which has a combination of owned and contract vehicles totalling ten or more, shall be, at their request, designated as an official inspection station for the purpose of inspecting and certifying vehicles operated or contracted for such board.
G. (1) Any person, corporation, partnership, or other business entity owning more than forty motor vehicles registered in Louisiana pursuant to the International Registration Plan, and operating at least one vehicle repair and maintenance shop, shall, upon request in writing to the Department of Public Safety and Corrections, have one or more of his vehicle repair and maintenance shops designated as official inspection stations for the purpose of inspecting and certifying those motor vehicles which are owned by him. IfiSuch duly designated vehicle repair and maintenance shops may be located within or without the state of Louisiana.
(2) The secretary shall adopt and promulgate rules and regulations in accordance with the Administrative Procedure Act necessary to implement the provisions of this Subsection. These rules shall include provisions for total reimbursement by the business entity of any costs incurred by the state for the administration of this Subsection. Reimbursement shall be made by the business entity availing itself of this program within thirty days after submission by the state of the total costs incurred.
(3) The venue for any civil action arising out of this Subsection shall be East Baton Rouge Parish.
*153 Louisiana Revised Statute 32:1306 provides for the operation of official inspection stations, as follows:
A. No permit for an official station shall be assigned or transferred or used at any location other than therein designated and every said permit shall be posted in a conspicuous place at the location designated.
B. The person operating an official inspection station shall issue a certificate of inspection and approval upon an official form to the owner of a vehicle upon inspecting such vehicle and determining that its equipment required under the provisions of this act is in good condition and proper adjustment, otherwise no certificate shall be issued. When required by the director a record and report shall be made of every inspection and every certificate so issued.
C. (1) An annual charge or fee shall be charged for each certificate of inspection and approval issued, as provided in this Subsection.
(2) Except as otherwise provided in this Subsection, an annual charge or fee of ten dollars shall be charged for each certificate of inspection and approval issued, four dollars and seventy-five cents of which shall be retained by the operator of the motor vehicle inspection station conducting the inspection, four dollars of which shall be transferred to the office of state police for use in traffic law enforcement, and one dollar and twenty-five cents shall be transferred to the office of motor vehicles for expenses associated with the motor vehicle inspection and financial responsibility programs. Included in the inspection shall be the adjustment of headlights when needed and mechanically practical, at no additional cost to the operator of the motor vehicle inspected.
[[Image here]]
ASSIGNMENT OF ERROR NO. 1
The affidavit of Mr. Dedon, attached to the DPS’s motion for summary judgment, shows that Mr. Dedon’s work schedule and rate of pay were determined by Mr. Sam Haynes, the owner of McKoin Trucking Company, and that Mr. Haynes was the person 17with the authority to fire Mr. Dedon. The inspections were made at the business location of McKoin Trucking Company, with tools furnished by McKoin Trucking Company, and McKoin Trucking Company paid Mr. Dedon for his services. Further, DPS was not supervising or controlling the manner of when, how, or which vehicles Mr. Dedon inspected.
An analogous case is Verret v. Scott, 470 So.2d 228 (La.App. 4 Cir.), writ not considered, 472 So.2d 910 (La.1985). In Verret, the Department of Health and Human Resources (DHHR) was sued for injuries sustained by a child when she fell from a vehicle owned and driven by Lorenzo Scott. Mr. Scott and his wife owned and operated a day care center under a written contract with DHHR known as a provider agreement. DHHR licensed the center and paid the center $133.98 per child per month. The Verret court found:
Alternatively, appellant argues that DHHR should be responsible under a principal agent relationship. In order for DHHR to be vicariously viable in that situation, the civilian concept of re-spondeat superior, or master servant must be applicable. The liability for negligent acts of another do not flow simply because of a principal agent relationship.
Verret, 470 So.2d at 231.
The Verret court observed that the owners and operators of the day care center must be classified as servants within the meaning of La.C.C. art. 2320 in order to impute liability to DHHR. The court held *154 that such a relationship was not shown, despite the fact that DHHR licensed the center, the center operated under a written contract with DHHR, and DHHR paid a monthly fee for the day care services.
In Coppage v. Gamble, 297 So.2d 468 (La.App. 2 Cir.1974), Reverend Coppage sued his doctor for performing an unnecessary operation on him and sued the Louisiana Department of Hospitals and the Louisiana State Board of Medical Examiners for issuing licenses to Dr. Gamble. The Coppage court found that “The mere issuance of a license by a licensing authority does not render the licensing authority liable for the offenses of the licensee.” Coppage, 297 So.2d at 470.
LWe agree with the reasoning of these cases that the mere issuance of a license does not render the licensing authority liable for the offenses of the licensee.
The plaintiffs assert that in Fowler v. Roberts, 556 So.2d 1 (La.1989), the court found the DPS liable for its drivers licensing agency. However, in that case, the DPS was not held liable for the negligence of a licensee. Rather, the DPS was held liable for its own negligence, and the act of direct employees of the State, in issuing Mr. Roberts a driver’s license without inquiring into his current medical condition.
We find no genuine issue of material fact; thus, the mover was entitled to summary judgment as a matter of law. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
The plaintiffs argue that the trial court erred in citing an unpublished case, Lucinda Charles and Russell Charles v. Lane LeBlanc, et al, 91-1323 (La.App. 3rd Cir. 1992), as its authority for granting summary judgment.
Opinions marked “Not Designated for Publication” shall not be cited, quoted, or referred to by any counsel, or in any argument, or other materials presented to any court, except in continuing or related litigation. Uniform Rules-Courts of Appeal 2-16.3.
A review of the trial court’s oral reasons for judgment shows that the trial court did not rely upon the unpublished case in making its decision but, rather, relied upon a line of cases analyzing the criteria for being an employee of the State and cited and relied upon Coppage v. Gamble, 297 So.2d 468 (La.App. 2 Cir.1974), as authority for granting the summary judgment.
This assignment of error has no merit.
For the foregoing reasons, the trial court judgment granting summary judgment in favor of the State, through the Department of Public Safety, is AFFIRMED. Costs are assessed against the plaintiffs-appellants.
PETTIGREW, J., concurs and assigns reasons.

. The issue of the extent of the inspection and whether there was a duty or breach thereof is not before us.