|,BROWN, C.J.
Plaintiffs, Claddie Savage d/b/a Piney Woods Game Club, and Ark-La-Tex Game Club, Inc., filed this action in January 2004 against the Caddo Parish Commission and the Caddo Parish Sheriffs Office after being informed by the sheriff that an existing parish ordinance against cockfighting would be enforced. Savage purchased Piney Woods Game Club in September 2003, however, cockfighting tournaments had been held on its premises since 1991. Ark-La-Tex Game Club had been conducting similar tournaments since 1997. The trial court granted plaintiffs’ request for a preliminary injunction, finding that plaintiffs had made a prima facie showing that the parish had usurped' or improperly invaded the police power reserved to the state under the Louisiana Constitution. Plaintiffs’ requests for a declaratory judgment and permanent injunction were deferred until trial on the merits. The Cad-do Parish Commission has appealed. Finding no error, we affirm.

*525
Discussion

La. Const, art. VI, § 9(A) and (B) provides:
(A) Limitations. No local governmental subdivision shall (1) define and provide for the punishment of a felony; or (2) except as provided by law, enact an ordinance governing private or civil relationships.
(B) Police Power Not Abridged. Notwithstanding any provision of this Article, the police power of the state shall never be abridged.
La. R.S. 14:102.1 is a state statute prohibiting cruelty to animals. In 1983, amid a controversy about cockfighting, the legislature amended this statute to add the following language:
For purposes of this Section, fowl shall not be defined as animals ...
J^La. R.S. 14:102.1D.
A Caddo Parish Ordinance prohibiting cruelty to animals was amended in 1987, with a January 1, 1988, effective date, to state that:
Animals shall mean any living vertebrate creature except human beings, including but not limited to ... birds, fowl, ...
A violation of this ordinance is punishable as a misdemeanor. Caddo Parish Code of Ordinances, Sections 4-1, 4-3, 4-14(B).
In its written reasons for judgment, the trial court clearly set forth the issue:
When citizens of this state and those visiting from outside this state cannot rely on state law to govern their conduct but must instead be fearful of criminal penalties from a parish ordinance which is in conflict with state law, the residual police power of the state has been abridged by the conflicting ordinance ....
We emphasize that the Caddo Parish ordinance prohibited cockfighting as opposed to an attempt to regulate its operation. See Roberson v. Bossier Parish Police Jury, 535 So.2d 1199 (La.App. 2d Cir. 1988).
The 1974 constitution creates two classes of home rule governments with different levels of immunity from control by the state legislature: (1) preexisting-home rule municipalities may exercise within their boundaries any legislative powers not in conflict with the 1974 state constitution; and (2) those charters enacted after the 1974 constitution may exercise home rule powers consistent with the constitution except when the exercise of such power is denied by general law. City of Baton Rouge v. Williams, 95-0308 (La.10/16/95), 661 So.2d 445.
|3Caddo Parish adopted a home rule charter in 1984 and is governed by La. Const. Art. VI, § 5(E) and thus, may pass ordinances consistent with the 1974 Constitution unless denied by general law.
In Francis v. Morial, 455 So.2d 1168, 1171 (La.1984), the supreme court concluded: “[A] home rule charter government possesses, in affairs of local concern, powers which within its jurisdiction are as broad as that of the state, except when limited by the constitution, laws permitted by the constitution, or its own home rule charter.”
Because this case concerns a misdemeanor, the limitation provided in La. Const, art. VI, § 9(A) on defining and providing for felonies need not be considered. Therefore, we must look to whether this statute conflicts with state law in such a way as to abridge the state’s police power. It is a general principle of constitutional law that a state cannot surrender, abdicate, or abridge its police power. La. Constitution art. VI, § 9(B); City of New Orleans v. Board of Commissioners of Orleans Levee Dist., 93-0690 (La.07/05/94), *526 640 So.2d 237. In City of New Orleans, the supreme court, while observing that La. Const, art. VI, § 9(B) was ambiguous, found that it was adopted as “... a principle of harmonizing the replete home rule powers granted local governments with a basic residuum of the state’s power to initiate legislation and regulation necessary to protect and promote the vital interests of its people as a whole.” Id. at 249.
The supreme court enunciated a method of analyzing possible abridgments of the state’s police power:
[A] litigant claiming that a home rule municipality’s local law abridges the police power of the state must show that the local |4law conflicts with an act of the state legislature that is necessary to protect the vital interest of the state as a whole. To establish that the conflict actually exists, the litigant must show that the state statute and the ordinance are incompatible and cannot be effectuated in harmony. Further, to demonstrate that the state statute is “necessary” it must be shown that the protection of such state interest cannot be achieved through alternate means significantly less detrimental to home rule powers and rights. (Citations omitted).
City of New Orleans, supra at 252.
Here, the parish ordinance makes illegal what the state has deemed to be legal. Clearly, the parish ordinance conflicts with an act of the state legislature. Although the ordinance took effect in 1988, plaintiffs or their predecessors had openly put on cockfights since 1991 and 1997.
La. Const, art. VI, § 9 recognizes the state’s vital interest to define and provide for the punishment of felonies but fails to make such a provision concerning misdemeanors. Implicitly, state law misdemeanors may be duplicated by local governments with penalties within the maximum range allowed for misdemeanors. City of Baton Rouge, supra. However, the Caddo Parish Commission did not duplicate but contravened a state statute.[1]
In Knights of Columbus, Chapter No. 2409 v. Louisiana DPS, Division of State Police, 548 So.2d 936, 938 (La.1989), the supreme court explained:
The general rule is well settled. As in most jurisdictions, see H. McClintock, Handbook of the Principles of Equity § 173 (2d ed.1948), Louisiana courts hesitate to interfere via injunction [ ¡¡with the legitimate enforcement of criminal laws. To ensure that such interference does not lightly occur, this Court has set forth three requirements that must be met to justify enjoining pending or threatened criminal proceedings. A court should not grant such an injunction unless the plaintiff shows with reasonable certainty that (1) the statute is manifestly unconstitutional, (2) irreparable injury is threatened, and (3) existing property rights will be destroyed by enforcement.
The trial court correctly found that: with reasonable certainty the parish ordinance implicated in this case abridges the police power of the state; the threatened prosecution under an unconstitutional ordinance presumes irreparable injury; and impairs an existing property right. Thus, we affirm the judgment of the trial court.
AFFIRMED.
STEWART, J., dissents with written reasons.

. An act of the legislature will be necessary if opponents of cockfighting wish to make it a criminal act. In the 2004 regular session of the legislature, a bill to prohibit cockfighting failed. The threatened enforcement, at issue in the instant case, occurred shortly after the proposed bill's failure. H.B. 681 of 2004.